**Albert R. FRANCESCONI, Appellant,**

v.

**KARDON CHEVROLET, INC., d/b/a Kardon Auto Mall, Appellee.**

**No. 89–5095.**

United States Court of Appeals, Third Circuit.

Argued July 27, 1989.

Decided Oct. 24, 1989.

Michael S. Scaramella (argued), Scaramella & Hoofnagle, Cherry Hill, N.J., for appellant.

Robert P. Clark (argued), Manasquan, N.J., for appellee.

Before GIBBONS, Chief Judge, HUTCHINSON, Circuit Judge, and REED, District Judge.[*]

### OPINION OF THE COURT

PER CURIAM.

Albert R. Francesconi (Francesconi) initiated this suit in the United States District Court for the District of New Jersey, claim-

---

[*] Hon. Lowell A. Reed, Jr., District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

ing that his brother-in-law, a sales agent for Kardon Chevrolet, Inc. (Kardon), orally misrepresented the actual mileage on the odometer of a car that Francesconi decided to lease from Kardon. Francesconi alleged that his brother-in-law's oral misrepresentations violated subchapter four of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.A. §§ 1981–1991 (West 1982 & Supp.1989), popularly known as the Odometer Requirements Act. In addition, Francesconi sought to have the district court exercise pendent jurisdiction over his claim that Kardon committed fraud under New Jersey law.

Kardon filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The district court granted Kardon's motion. *See Francesconi v. Kardon Chevrolet, Inc.*, 703 F.Supp. 1154, 1158 (D.N.J.1988). We will affirm the judgment of the district court.[1]

## I.

In the fall of 1985, Francesconi was looking for a new car. In his search, he visited Kardon, where his brother-in-law was a salesman. Kardon had a 1985 Isuzu Impulse, and Francesconi was interested in taking the car out for a test drive. So Francesconi and his brother-in-law took an Impulse out for a spin. Francesconi liked the Impulse and says he decided to lease one.

Trouble arose back in Kardon's office over just which Impulse Francesconi would get. During the test drive, Francesconi noticed that the test model had more than 300 miles on its odometer. As a result, he did not want it, because, as he said at his deposition, "I wanted to ride my own car from the beginning." Appellee's Appendix at A–12. Yet his brother-in-law allegedly told him a different story, that the car had just a little over thirty miles on its odometer. Francesconi could not believe it, having seen over 300 miles on the odometer moments before with his own eyes. The brother-in-law went back out to the parking lot alone to take another look. Upon his return, he once again reported that the car had fewer than thirty-two miles on it.

In fact, Francesconi's eyes had not misled him. The car's odometer actually registered 317 miles. His brother-in-law's representations were wrong. Nevertheless, Francesconi admits that he signed an Odometer Mileage Statement while in Kardon's office. The statement correctly reported the Isuzu's mileage at 317. *See* Appellant's Appendix at A–36. Francesconi left Kardon's office with a completed copy of this form, which he says he read before signing. However, Francesconi is unable to remember whether the form, at the time that he signed it, listed the mileage that the Impulse had traveled.

## II.

The district court had jurisdiction pursuant to the Odometer Requirements Act.

---

**1.** Since Francesconi's evidence was insufficient to show that Kardon furnished him a false statement within the meaning of the Act, the district court did not have to decide the legal question of whether this particular transaction fell outside of the Act's coverage simply because the parties called it a lease. The record does not set forth the terms of the agreement by which Francesconi got the right to use the car, and the Secretary of Transportation had promulgated new regulations defining the transfers to which he believes the Act applies between the time of the transaction at issue here and the filing of the district court's opinion. *Compare* 49 C.F.R. §§ 580.1–.7 (1988) (effective through Apr. 28, 1989) *with* 49 C.F.R. §§ 580.1–.12 (1988) (effective Apr. 29, 1989). The parties have not briefed or argued the issue of whether the Secretary's apparent restriction of the Act's coverage to transactions involving transfers of title, a restriction evidenced by the text of the new regulations, is correct as a matter of statutory construction. Under these circumstances, we think it is unwise to decide this important issue of statutory interpretation, particularly since the parties have not briefed or argued the effect of those key changes on the Act's coverage.

The parties did cite us to 49 C.F.R. § 580.7 (1988) (effective Apr. 29, 1989), which requires the lessee of an automobile to report the vehicle's odometer reading to his lessor at the conclusion of the lease term before the lessor can execute a transfer of ownership document with respect to the automobile. This section is not directly applicable because Francesconi argues that the lessor should have disclosed the automobile's mileage to the lessee at the start of the lease term.

Thus, for the purposes of this opinion, we have assumed, without deciding, that if the Act had been violated, it would apply to Francesconi's transaction with Kardon.

*See* 15 U.S.C.A. § 1989(b) (West 1982); *see also* 28 U.S.C.A. § 1331 (West Supp.1989). We have appellate jurisdiction over the district court's order granting summary judgment under 28 U.S.C.A. § 1291 (West Supp. 1989). Our scope of review is plenary. *Lyons v. United States Marshals*, 840 F.2d 202, 204 (3d Cir.1988).

### III.

On this record, Kardon discharged its burden in seeking summary judgment by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

The Act is not violated unless the odometer in question has undergone a "change." The record contains no evidence of a change due to either physical tampering, prohibited under the text of the Act as set out at 15 U.S.C.A. §§ 1983–1984 (West 1982), or the odometer "turning over" because the car was driven more than one hundred thousand miles. *See Van Praag v. Columbia Classics Corp.*, 849 F.2d 1106 (8th Cir.1988); *Ryan v. Edwards*, 592 F.2d 756 (4th Cir.1979). Francesconi claims only that Kardon is liable under the Act because its agent orally misrepresented the odometer reading in the face of an accurate written odometer mileage statement that Francesconi read, signed and received before departing with the Isuzu.

Section 1988(a) requires a transferor to give a transferee "written disclosure" of the mileage traveled by the car, if known. 15 U.S.C.A. § 1988(a) (West 1982). Section 1988(b) states: "No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule." *Id.* § 1988(b). The only "statement" addressed in the regulations disseminated by the Secretary of Transportation is the written odometer statement. *See* 49 C.F.R. § 580.4(a) (1988) (effective through Apr. 28, 1989) ("each transferor of a motor vehicle shall furnish to the transferee a written statement"); *id.* § 580.4(e) ("The transferee shall acknowledge receipt of the disclosure statement by signing it."); *id.* § 580.6 (written disclosure form is entitled "Odometer Mileage Statement"). If the written disclosure form accurately reports the correct number of miles the automobile has traveled, we do not believe that inaccurate oral misrepresentations to the contrary are actionable under the Odometer Requirements Act when the disclosure form is presented to the transferee at the time of the transfer.

### IV.

We will affirm the district court's grant of summary judgment in Kardon's favor on Francesconi's Odometer Requirements Act claim and its consequent dismissal of Francesconi's state law fraud claim, without prejudice to his refiling the pendent claim in a New Jersey state court.