Walter HENRICKS and Debra Henricks,
Plaintiffs–Appellants,

v.

FLETCHER CHRYSLER PRODUCTS,
INC., Defendant–Appellee.

No. 60A01–9009–CV–365.

Court of Appeals of Indiana,
First District.

April 29, 1991.

Randolph A. Leerkamp, Kyle A. Jones, Carter & Leerkamp, Indianapolis, for plaintiffs-appellants.

Daniel R. Fagan, Michael Ryan Hartman, George A. Dremonas, Bingham, Summers, Welsh & Spilman, Indianapolis, for defendant-appellee.

BAKER, Judge.

Today we are presented with a question of first impression in Indiana: whether an automobile lessee may bring an action for violations of the federal Odometer Requirements Act.[1] We hold a lessee may bring certain actions under the Odometer Requirements Act but not others, and therefore, affirm in part and reverse in part the trial court's entry of partial summary judgment in favor of Fletcher Chrysler Products, Inc. (Fletcher).

FACTS

In February of 1986, plaintiff-appellants Walter and Debra Henricks (the Henricks) entered into a lease agreement with Fletcher. Under the terms of the agreement, Fletcher was to provide the Henricks with a new 1986 Chrysler New Yorker. The Henricks experienced difficulties with the New Yorker throughout the lease agreement.

In June of 1987, the New Yorker was damaged in an accident. The damage was repaired by Sonleys Body Shop. The Henricks continued to have problems with the automobile, and continued presenting it to Fletcher for repairs. In January of 1989, the Henricks, Fletcher, and others held a joint meeting to determine the origin of the

---

1. This act is contained in subchapter four of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.A. §§ 1981–1991 (West 1982 & Supp.1991).

problems with the automobile. During this meeting, the Henricks were advised for the first time that the New Yorker's odometer had been altered prior to the lease agreement.

The Henricks filed a nine-count complaint against Fletcher. Fletcher moved for summary judgment on Count V, which alleged violations of the Odometer Requirements Act. The trial court granted Fletcher's motion, and the Henricks now appeal.[2]

## DISCUSSION AND DECISION

When reviewing an entry of summary judgment, this court applies the same standard as the trial court. Summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All evidence is construed in favor of the non-movant. *Cullison v. Medley* (1990), Ind. App., 559 N.E.2d 619. Because the material facts in this case are not in dispute, we must determine whether the trial court correctly applied the law to the undisputed facts. *State ex rel. Board of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829.

Fletcher argues the Henricks cannot maintain an action under the Odometer Requirements Act because they are lessees, and the plain language of the statute requires a transfer of ownership before liability may be imposed. The Henricks counter that while a transfer of ownership may be required before liability will be imposed under certain sections of the Odometer Requirements Act, it is not required under §§ 1984, 1986, and 1987.

■ When a statute is specific and unambiguous, courts must enforce its plain meaning. *Fletcher v. Town of Highland* (1984), Ind.App., 461 N.E.2d 147. "It is the function of this court to ascertain and im-

plement the legislature's intent and the legislature's intent must be primarily determined by giving effect to the ordinary and plain meaning of the language used in the statute." *Irmscher v. McCue* (1987), Ind. App., 504 N.E.2d 1034, 1036. The intent of Congress in enacting the Odometer Requirements Act clearly was twofold: to prohibit tampering with the odometers of motor vehicles, and to provide safeguards for the protection of consumers purchasing motor vehicles. *Francesconi v. Kardon Chevrolet, Inc.* (D.N.J.1988), 703 F.Supp. 1154, *aff'd*, (3d Cir.1989), 888 F.2d 18. The congressional findings and declaration of purpose of the Odometer Requirements Act state in part: "It is therefore the purpose of [the Odometer Requirements Act] to prohibit tampering with odometers on motor vehicles *and* to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers." § 1981 (emphasis added).

■ Under § 1988, a transferor must meet certain disclosure requirements when engaging in a transfer of the ownership of a motor vehicle. "Transfer" means to change ownership by purchase, gift, or any other means. § 1982(5). Section 1988 thus does not apply to lease arrangements, because the leasing of a car does not constitute a transfer of ownership.[3] *Id.* The Henricks do not argue otherwise, and they may not maintain an action against Fletcher under § 1988. *Francesconi*, however, was concerned only with a violation of § 1988 of the Odometer Requirements Act. The court concluded "that the Odometer Act requires a transfer of the legal ownership of a vehicle before its *disclosure* requirements are · triggered." *Id.* at 1158 (emphasis added). The court said nothing about the applicability of the other provisions of the Odometer Requirements Act to lessees.

---

2. The Henricks bring this appeal pursuant to Ind. Appellate Rule 4(B)(6), which provides for certification by the trial and appellate courts of interlocutory orders when certain conditions are met.

3. § 1988(e) provides that the disclosure requirements do apply to lease arrangements upon the lessor's transfer of ownership of the leased motor vehicle. No such transfer of ownership has taken place in this case.

Section 1989 allows private civil actions to be brought to enforce liability for violations of the Odometer Requirements Act. Under the authority of § 1989, the Henricks attempt to bring their action against Fletcher for violations of §§ 1984, 1986, and 1987 which provide as follows:

§ 1984. Change of mileage indicated on odometer prohibited

No person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon.

§ 1986. Conspiracy to violate odometer requirements

No person shall conspire with any other person to violate section 1983, 1984, 1985, 1987, or 1988 of this title.

§ 1987. Lawful service, repair, or replacement of odometer; adjustment of mileage and notice of adjustment; failure to adjust mileage or affix notice of adjustment and removal or alteration of notice with fraudulent intent prohibited

(a) Nothing in this subchapter shall prevent the service, repair, or replacement of an odometer, provided the mileage indicated thereon remains the same as before the service, repair, or replacement. Where the odometer is incapable of registering the same mileage as before such service, repair, or replacement, the odometer shall be adjusted to read zero and a notice in writing shall be attached to the left door frame of the vehicle by the owner or his agent specifying the mileage prior to repair or replacement of the odometer and the date on which it was repaired or replaced.

(b)(1) No person shall fail to adjust an odometer or affix a notice regarding such adjustment as required pursuant to subsection (a) of this section.

(2) No person shall, with intent to defraud, remove or alter any notice affixed to a motor vehicle pursuant to subsection (a) of this section.

None of these sections require a transferor to do or refrain from doing an act; the sections speak in terms of "person."

This is contrasted with § 1988 which provides a "transferor" must meet certain requirements. The plain language of the statute limits the disclosure requirements to transferors, and does not so limit the other provisions of the Odometer Requirements Act. The Henricks can, therefore, maintain an action against Fletcher for the alleged violations of §§ 1984, 1986, and 1987.[4]

To hold otherwise would allow automobile lessors to alter odometers without being subject to liability, which would go against the stated congressional purpose of prohibiting odometer tampering. We affirm the trial court's entry of summary judgment in Fletcher's favor concerning liability under § 1988 of the Odometer Requirements Act, but reverse as to §§ 1984, 1986, and 1987.

RATLIFF, C.J., and CONOVER, J., concur.

---

4. We of course draw no conclusions about the merits of these claims.