Appeal of Richard K. WICKERSHAM, Guardian of Keith C. Wickersham, Incompetent.

No. 89A01–9203–CV–62.

Court of Appeals of Indiana, First District.

June 24, 1992.

Willard G. Bowen, Bowen & Mader, Richmond, for appellant.

BAKER, Judge.

Richard K. Wickersham (Richard), guardian of his father, Keith C. Wickersham (Mr. Wickersham), challenges the trial court's ruling entered after a hearing on the partial accounting of Mr. Wickersham's estate. Richard raises two restated issues: I. Whether the trial court erred when it held Richard had to get court approval before paying legal fees and advancements. II. Whether the trial court erred when it disallowed payment of part of the attorney's fees incurred on behalf of the guardianship.

## FACTS

In June of 1985, Richard retained counsel to represent him in securing his appointment as guardian of his father, Mr. Wickersham, who had suffered a stroke. After Richard was appointed guardian of his father and his father's estate, the attorney continued to represent Richard in his duties as guardian.

On August 1, 1991, Richard filed with the court a partial accounting of the guardianship estate. The accounting reflected a $4,638.24 payment to the attorney for legal fees and advancements. Because Richard did not receive court approval before making the payment, the court ordered the attorney to repay the money to the guardianship estate. The attorney complied.

On October 9, 1991, the court conducted a hearing on the partial accounting and concluded some of the legal fees were unreasonable. Although the court approved the balance of the accounting, it approved only $2,362.50 in attorney's fees and advancements. The court also expressed concern that the guardianship estate's resources were "rapidly diminishing and that future accountings shall be examined with

this in mind." *Record* at 341. Richard now appeals the trial court's reduction of attorney's fees.

## DISCUSSION AND DECISION

### I

#### *Repayment Order*

Richard first argues the trial court erred when it concluded he had to obtain court approval before he paid his attorney's fees and advancements.[1]

The current legislation governing guardianship estates was passed in Indiana in 1988, and the legislation became effective July 1, 1989. IND.CODE 29–3–1 *et seq.*, P.L. 169–1988, Sec. 1. Under the former legislation, the trial court had to approve reasonable attorney's fees before the guardian could pay the fees. IND.CODE 29–1–18–45, *repealed by* P.L. 169–1988, Sec. 8, effective July 1, 1989.[2]

Under the current legislation, two provisions specifically govern payment of attorney's fees incurred on behalf of a guardianship estate. First, under Chapter 4, which controls protective proceedings and single transactions, IND.CODE 29–3–4–4 provides:

> If not otherwise compensated for services rendered, any guardian, *attorney,* physician, or other person whose services are provided in good faith and are beneficial to the protected person or the protected person's property is entitled to *reasonable compensation and reimbursement for reasonable expenditures* made on behalf of the protected person. *These amounts may be paid from the property of the protected person as ordered by the court.* (Emphasis added).

Second, under Chapter 9, which governs matters other than appointment, *IND. CODE 29–3–9–9* provides:

> (a) Whenever a guardian is appointed for an incapacitated person or minor, the guardian shall pay all expenses of the proceeding, including *reasonable medical, professional, and attorney's fees,* out of the property of the protected person. (Emphasis added).
>
> (b) The expenses of any other proceeding under this article that results in benefit to the protected person or the protected person's property shall be paid from the protected person's property *as approved by the court.*

Richard argues IND.CODE 29–3–10–1(a) also applies to payment of attorney's fees. We disagree. IND.CODE 29–3–10–1(a), which does not specifically enumerate payment of attorney's fees, provides:

> (a) Without prior order of the court, a guardian shall pay from the guardianship property all indebtedness that the guardian has reasonable incurred in good faith on behalf of the protected person.

---

1. Although the court subsequently determined part of the fees were unreasonable, the issue of the appropriateness of the repayment order is properly before this court now. Richard could not have appealed the repayment order earlier because the order was neither an appealable interlocutory order nor an appealable final judgment. This court has defined a final judgment as a judgment that determines finally all the rights of the parties, and puts an end to the particular case. *In re M.R., W.D., and C.J.* (1983), Ind.App., 452 N.E.2d 1085, 1088 (citations omitted). An interlocutory order, on the other hand, requires something to be done or observed, but does not determine the controversy. *Id.* In this case, the repayment order did not determine the reasonableness of the legal fees, it simply required the attorney to do something (repay the fees) pending the determination of reasonableness.

As an interlocutory order, the repayment order was appealable before the final disposition of the case only if the order fell within one of the categories included under Ind.Appellate Rule 4(B). It did not. Ind.App.R. 4(B)(1) mandates an appeal shall be taken from an interlocutory order when the order requires the payment of money. The order in this case did not require the payment of money, it denied the payment of money. It was of no consequence that the attorney was ordered to repay money, he only repaid money he received erroneously. This court has held Ind.App.R. 4(B)(1) does not contemplate the denial of the payment of money. *Bell v. Wabash Valley Trust Co.* (1973), 156 Ind.App. 476, 483, 297 N.E.2d 924, 927. Accordingly, the repayment order was not an appealable interlocutory order.

2. IND.CODE 29–1–18–45 provided, in relevant part: "In all cases, compensation of the guardian and his expenses including attorney's fees shall be fixed by the court and may be allowed at any annual or final accounting."

■ Under general principles of statutory construction, statutes are interpreted as a whole, and words are given their common and ordinary meaning. *Spaulding v. International Bakers Services* (1990), Ind., 550 N.E.2d 307, 309. When two or more statutes cannot be harmonized or reconciled, however, the more specific or detailed statute prevails over the more general. *Henricks v. Fletcher Chrysler Products* (1991), Ind.App., 570 N.E.2d 115, 116, *trans. denied.* If IND.CODE 29–3–10–1 is applied to payment of attorney's fees, the provision will conflict with IND.CODE 29–3–4–4 and IND.CODE 29–3–9–9. IND. CODE 29–3–10–1 permits payment of debts without prior order of the court, while both IND.CODE 29–3–4–4 and IND.CODE 29–3–9–9 permit payment of attorney's fees only by order of the court. Because IND. CODE 29–3–10–1 addresses general indebtedness, while IND.CODE 29–3–4–4 and IND.CODE 29–3–9–9 specifically address payment of attorney's fees, the latter provisions control. *See Henricks, supra.*

Contrary to Richard's assertions, therefore, IND.CODE 29–3–10–1 does not apply to payment of attorney's fees incurred on behalf of a guardianship estate. Under the applicable provisions, Richard had to obtain court approval before paying his attorney's legal fees and advancements. Because Richard did not obtain such approval, the court properly ordered the attorney to repay the legal fees and advancements he received.

## II

### *Reasonable Attorney's Fees*

■ Next we address whether the trial court erred when it limited payment of attorney's fees and advancements to $2,362.50. Under the prior statutes, we reviewed a trial court's determination of reasonable fees only for an abuse of discretion. *In re Guardianship of Posey* (1986), Ind.App., 513 N.E.2d 674. That standard is preserved under the new statutes: IND. CODE 29–3–2–4 provides that "[a]ll findings, orders, or other proceedings under [Article 3] shall be in the discretion of the

court unless otherwise provided in this article."

This court will reverse a trial court's judgment for an abuse of discretion only if the judgment is against the logic and effect of the facts and circumstances before the court, together with any reasonable inferences arising therefrom. *Benda v. Benda* (1990), Ind.App., 553 N.E.2d 159, 163, *trans. denied.* When reviewing the trial court's findings and judgment, we consider only the evidence most favorable to the prevailing party, and we neither reweigh the evidence nor reassess witness credibility. *Id.* In addition, this court has recognized the trial judge possesses personal expertise which he or she may use when determining reasonable attorney's fees. *Estate of Clark v. Foster & Good* (1991), Ind.App., 568 N.E.2d 1098, 1101; *Mikesell v. Mikesell* (1982), Ind.App., 432 N.E.2d 55, 58.

In probate and estate administration cases, this court has recognized several factors the trial court may consider when ascertaining the value of services rendered by the personal representative and attorneys. *Estate of Clark, supra,* at 1101. Drawing from that list, we find factors relevant to the same determination in guardianship administration cases include: the labor performed, the nature of the estate, the difficulties encountered in recovering the estate's assets, settlements in the estate, the peculiar qualifications of the guardian and attorneys, the faithfulness and care of the guardian and attorneys, and all other factors necessary to aid the court in a consideration fair to the estate and reasonable for the guardian and attorneys.

In this case, the trial court found a portion of the legal fees incurred on behalf of the guardianship was unreasonable. The court stated that the legal fees were higher than those customarily charged by attorneys in Wayne County, some of the services billed are routinely provided by other attorneys without charge, the court repeatedly received late and incomplete filings, and the attorney's bill included some

services that had already been paid.[3] The trial court also expressed concern about various expenses Richard charged to the guardianship estate,[4] and the rapid depletion of the estate's resources. The court noted that with Mr. Wickersham's nursing home expenses, the estate would be depleted within one year.

Richard complains the trial court abused its discretion when it disallowed part of the attorney's fees. Instead of offering evidence to dispute the trial court's findings, however, Richard advances only his attorney's own self-serving testimony about the attorney's expertise in guardianship appointments and administration.

The trial judge was in the best position to know the type and scope of legal expenses customarily incurred on behalf of guardianship estates in Wayne County, the fees attorneys customarily charge for those services, and the fees reasonable for the attorney's performance in this case. *See Estate of Clark, supra.* Here, the court found the legal fees were higher than those customarily charged, the attorney did not demonstrate a greater proficiency in probate matters sufficient to justify his higher fees, and some of the attorney's services were inappropriately charged. The record also reveals the attorney was remiss in making timely and complete filings with the court.

In light of the evidence, the trial court properly concluded only $2,362.50 of the requested $4,638.24 in attorney's fees was reasonable.

Judgment affirmed.

ROBERTSON, J., concurs.

SHARPNACK, J., concurs in result.

---

**3.** The court explained to counsel in chambers the reasons it disallowed some of the legal fees. Although the court offered to state the reasons for the record, counsel declined. The court did however make a written entry for the record to explain specifically its major considerations in reducing the attorney's fees. We commend the court. The entry read as follows:

1. The fees awarded are generous compared to the fee schedule adopted by the Courts of Wayne County and compared to those fees customarily charged for such services.

2. Many of the activities for which counsel has billed the estate at a rate of $100 per hour are either clerical, secretarial or services routinely provided by other attorneys without charge. The Court observes that counsel billed for .75 hour for a conference with the Court on December 8, 1987. The conference was actually less than ten minutes. The time spent in transit for a ten block round trip from counsel's office apparently has been included. Such charge is not customary or appropriate.

3. Counsel has failed to timely file any of the three partial accountings.

4. Counsel has been repeatedly contacted by Court personnel regarding late filings and missing vouchers. On December 8, 1987, an Order for Sale of Personal Property was issued instructing the guardian to make due report to the Court. No report was filed until October 9, 1991 after the Court pointed out the omission to counsel. Counsel failed to make known to the Court in any way that the guardian's daughter demolished the vehicle of the estate.

5. Of the 41.75 hours billed by counsel, 32.25 are for services rendered during the first accounting period ending July 3, 1987 and the second accounting period ending July 3, 1989. Contrary to counsel's statement at the hearing of October 9, 1991, counsel has been compensated for those periods (1987– $2,355.51, 1989– $1,047.54). If the Court has erred in the matter of attorney's fees, it would appear that the Court has erred in counsel's favor. This matter will be addressed at a future hearing.

**4.** For example, the court was concerned about large expenses for an automobile used by Richard and his family when they visited Mr. Wickersham. The evidence revealed the automobile was titled in Richard's name and was driven by Richard's daughter, yet all repair and maintenance bills were charged to the guardianship estate.