Thomas H. TAYLOR, Plaintiff,

v.

The PEOPLES NATURAL GAS COMPANY, a subsidiary of Consolidated Natural Gas Company; System Pension Plan of Consolidated Natural Gas Company, Number 001; and the Annuities and Benefit Committee, the Plan Administrator, Defendants.

Civ. A. No. 92–394.

United States District Court,
W.D. Pennsylvania.

Jan. 27, 1994.

Thomas P. Cole, II, Greensburg, PA.

Ronald W. Folino, Joyce C. Dailey, The Peoples Natural Gas Co., Pittsburgh, PA.

P. Jerome Richey, Buchanan Ingersoll, P.C., Pittsburgh, PA.

### OPINION

BENSON, United States Magistrate Judge.

This is an action filed by a former employee of the Peoples Natural Gas Company ("PNG"). Plaintiff retired from his employment with PNG on March 1, 1989. He alleg-

es in his amended complaint that PNG failed to inform him in late 1988 and early 1989 that an early retirement package was being considered, and that PNG's Supervisor of Employee Benefits, John Burgunder, informed him prior to March 1, 1989, that any early retirement package adopted by PNG during 1989 would be retroactive to any employees retiring after January 1, 1989. PNG's Board of Directors adopted an amendment to the System Pension Plan on August 10, 1989, which provided for a special voluntary retirement program for PNG employees retiring between September 1, 1989 and November 1, 1989. This amendment was not made retroactive to employees retiring prior to September 1, 1989. Plaintiff filed suit in state court, and the matter was removed to this court due to the fact that the pension plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff has filed a motion for summary judgment (Docket # 34), and a corrected motion for summary judgment (Docket # 38). Defendants have also filed a motion for summary judgment (Docket # 35). The motions have been responded to and are ripe for disposition. The parties have consented to have this matter adjudicated before the undersigned pursuant to 28 U.S.C. § 636(c). An order was entered on March 25, 1993, referring the matter to the undersigned for all further proceedings (Docket # 29).

### SUMMARY JUDGMENT

■ Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "... specific facts showing that there is a *genuine issue for trial* ..." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Here, plaintiff asserts two different breaches of fiduciary duties pursuant to ERISA. First, he asserts that the defendants had a duty to inform him that an early retirement package was being considered prior the time he retired. I can find no duty on the part of an employer to inform its employees of any action it is considering taking in the future. The fact that PNG was considering an early retirement package for 1989 is not information which ERISA requires an employer to disclose. Further, it is undisputed that no decision to implement the early retirement package was made until well after plaintiff retired.[1]

■ Next, plaintiff asserts that John Burgunder, PNG's Supervisor of Employee Benefits, informed him that any early retirement plan adopted in 1989 would be made retroactive to employees retiring on or after January 1, 1989. He further alleges that he had shown great interest in being included in any early retirement plan, and that he was actively misled concerning his ability to participate in the plan under consideration. A brief review of the testimony adduced at depositions of plaintiff and Mr. Burgunder does not

---

1. At least one court has found that ERISA can be interpreted to require disclosure of "known impending changes" to a benefits plan. *Williams v. Williamson–Dickie Mfg. Co.*, 778 F.Supp. 1197, 1199 (S.D.Ala.1991). Here, however, there was no "known" impending change, and there is no dispute that as of May, 1989, no decision had been made to implement an early retirement program.

support this position. In fact, it makes clear that no misrepresentation was made.

Mr. Burgunder testified that he was not involved in the ultimate decision made by PNG to adopt an early retirement program, but that he discussed the rumor of such a package with several employees (Burgunder Deposition at 23, 32). In fact, Mr. Burgunder told plaintiff that he (Burgunder) believed that if an early retirement program were announced by mid–1989, that it would be made retroactive to employees retiring after January 1, 1989 (Burgunder Dep. 37; Taylor Dep. 37). Burgunder did not know at the time whether or not an early retirement program would be offered, or if it would be made retroactive (Burgunder Deposition at 33–34). In fact, he stated his belief on the knowledge that one consultant had suggested a retroactive early retirement program, and that at least one member of PNG's Board of Directors was not opposed to such a suggestion (*Id.*). Mr. Burgunder's expression of his "belief" concerning what may happen is not the equivalent of a misrepresentation. Plaintiff concedes that he was not informed that a decision had been made to offer any early retirement program at all, and that this was simply Mr. Burgunder's best guess as to what may occur should an early retirement package be adopted. There is simply no misrepresentation, and thus no breach of fiduciary duty, in a statement of belief such as that made by Mr. Burgunder. *Compare, Forbis v. Reilly,* 684 F.Supp. 1317 (W.D.Pa.), *aff'd* 862 F.2d 307 (1988) (statements of opinion are not actionable misrepresentation); *LaScola v. US Sprint Communications,* 946 F.2d 559 (7th Cir.1991) (no misrepresentation in statements that company had a lucrative compensation plan and was ethical and committed to conducting business in accordance with law).

Plaintiff's motion for summary judgment ought to be denied, and defendants' motion for summary judgment ought to be granted. An appropriate order follows.

AND NOW, this 27th day of January, 1994;

IT IS HEREBY ORDERED that the motion and amended motion for summary judgment filed by plaintiff (Docket # 34 and # 38) are DENIED, and the motion for summary judgment filed by defendants (Docket # 35) is GRANTED, and judgment is hereby entered in favor of defendants.