COWEN, Circuit Judge,
concurring.
I join in Parts I and.HD of the majority opinion and therefore concur as to the judgment in this case. I am unable to join in Parts IIA-C, however, because I believe that the majority’s opinion sweeps more broadly than is justified under the facts presented here.
At issue in this case is a statement made-by John Burgunder, The Peoples National Gas Company’s Supervisor of Employee Benefits, to Thomas Taylor, a former employee of The Peoples National Gas Company (“PNG”), concerning the retroactivity of a potential amendment to PNG’s pension plan. According to Taylor, Burgunder misrepresented to him that if PNG offered an early retirement incentive plan, Taylor would get its benefits even if Burgunder retired before the incentive plan was enacted. Specifically, Taylor alleged that:
During and prior to the March 1st date, I had had discussions with Mr. Burgunder relative to rumors and possible studies that may have been going on that could lead to an early retirement program, and it was during one of thosé discussion points where I talked with Mr. Burgunder about other people -that were retiring, and he *991 gave me the — he told me at that time that he believed, that if there would be any early retirement programs offered in 1989, that they would make it retroactive to people retired from January 1st, until such time as they might offer the program.
App. at 8b-9b (emphasis added). He continued:
I can’t recall exactly what his conversations were about the retroactivity other than he believed that if an early retirement program was announced or it was offered — that might be a better word — it might be retroactive to these people that we were talking about.
App. at 33b (emphasis added).
As the majority correctly recognizes, the magistrate judge who adjudicated this case concluded that the statement made by Bur-gunder to Taylor that he believed the early retirement program would be retroactive did not constitute misrepresentation. Taylor v. Peoples Natural Gas Co., 843 F.Supp. 51, 52-53 (W.D.Pa.1994). Agreeing with the magistrate judge, the majority holds in Part IID that as a matter of law, no reasonable fact-finder could conclude that Burgunder’s statement constituted a misrepresentation. Maj. Op. at 989. Inexplicably, however, before disposing of this ease on the unassailable grounds aptly set out by the magistrate judge, the majority chooses in Parts IIA-C to pose and answer its own questions about the relationship between ERISA fiduciaries and their agents in cases, unlike the case at hand, where a party demonstrates a misrepresentation. The majority concludes that a plan administrator can be held liable for a breach of a fiduciary duty for misrepresentations by the plan administrator’s non-fiduciary agents. ■ Because the majority reaches out to decide an issue that is not squarely before us, I am unable to join in Parts IIA-C of the majority opinion.
It is well settled law that in general “[cjases are to be decided on the narrowest legal grounds available, and relief is to be tailored carefully to the nature of the dispute before the court.” United States v. Rias, 524 F.2d 118, 120 n. 2 (5th Cir.1975) (quoting Korioth v. Briscoe, 523 F.2d 1271, 1275 (5th Cir.1975)); see also In re Chicago, Rock Island and Pac. R.R, 772 F.2d 299, 303 (7th Cir.1985) (it is an “elementary maxim of our legal system” that a court should, decide “only the case before it”), cert. denied, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574; Shamloo v. Mississippi State Bd. of Trustees of Insts. of Higher Learning, 620 F.2d 516, 524 (5th Cir.1980) (expressing concern that cases be decided on the narrowest legal grounds available); Finley v. Hampton, 473 F.2d 180, 189 (D.C.Cir.1972) (explaining that courts do not decide hypothetical controversies). This proposition is a corollary to the rule that federal courts are not to render advisory opinions, but rather are to decide specific issues for parties with real disputes. See, e.g., Korioth, 523 F.2d at 1274-75; see also United States v. Leon, 468 U.S. 897, 963, 104 S.Ct. 3430, 3447, 82 L.Ed.2d 677 (1984) (Stevens, J., concurring) (“[WJhen the Court goes beyond what is necessary to decide the case before it, it can only encourage the perception that it is pursuing its own notions of wise social policy, rather than adhering to its judicial role.”).
The statements the majority makes concerning the possible liability of ERISA fiduciaries ' due to misrepresentations of their non-fiduciary agents run afoul of this rule because the majority’s holding that there was no misrepresentation here is sufficient to put this- case to rest. Moreover, the majority’s choice to explore agency law is particularly ill-advised because (1) we have not had the benefit of the magistrate judge’s thinking and findings on these important matters, (2) these issues were neither argued nor briefed by counsel, and (3) the majority breaks considerable new ground in the area of ERISA fiduciary liability.
The majority’s opinion states that the Annuities and Benefits Committee of the System Pension Plan, the plan administrator and co-defendant in this matter, can be held liable for statements by Burgunder because Burgunder was acting within the scope of his apparent authority as an agent of.the plan administrator in making representations to Taylor. The opinion of the magistrate judge disposing of this case, however, is completely devoid of any references to the question of whether an ERISA fiduciary can be held *992 liable for statements of its non-fiduciary agents aeting within the scope of their apparent authority. Indeed, in his opinion, the magistrate judge reaches only two conclusions of law. First, he concludes that there is no general duty on the part of an employer to inform its employees of any action it is considering taking in the future. As he states, “[t]he fact that PNG was considering an early retirement package for 1989 is not information which ERISA requires an employer to disclose.” Taylor, at 52 (emphasis added). Second, he concludes that since “[pjlaintiff concedes that he was not informed that a decision had been made to offer any early retirement program at all, and that this was simply Mr, Burgunder’s best guess as to what may occur should an early retirement program be adopted,” there was “no misrepresentation, and thus no breach of fiduciary duty.” Id. at 52-53. There is absolutely no discussion of the position now advanced by the ■ majority that the plan administrator could be held liable for statements of the plan administrator’s non-fiduciary agents.[1]
Even more importantly, the magistrate judge’s factual recitation and the record before us are insufficient to establish the precise nature of the relationship between the System Pension plan administrator and Bur-gunder, a failing that makes it extremely difficult to perform a careful analysis of the possible applicability of the apparent authority doctrine. PNG asserts that' Burgunder was merely an employee of PNG and was not a member of the “separate and distinct plan administrator.” Appellee’s Brief at 21. The magistrate judge’s factual recitation does not even touch on the relationship between Burgunder and the plan administrator. As the majority recognizes, “apparent authority arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority.” Maj.Op. at 989 (citing American Telephone & Telegraph v. Winback & Conserve Program, 42 F.3d at 1439 (3d Cir.1994)). The majority, however, fails to adduce a single fact which convincingly demonstrates that the plan administrator caused employees of PNG to conclude that Burgunder was authorized to make representations to employees concerning potential plan amendments.[2] Accordingly, I am troubled by the majority’s analysis and concerned with the logic of deciding a question without relevant facts.
Equally disturbing in this case is the majority’s willingness to advance arguments that were not put forward by the appellant in *993 the first instance and that were not briefed by the parties. We have repeatedly recognized the impropriety of reaching issues that are not properly briefed before us. United States v. Martinez-Hidalgo, 993 F.2d 1052, 1057 n. 10 (3d Cir.1993), cert. denied, — U.S. -, 114 S.Ct. 699, 126 L.Ed.2d 666 (1994); Francesconi v. Kardon Chevrolet, Inc., 888 F.2d 18, 19 n. 1 (3d Cir.1989); H. Prang Trucking Co. v. Local Union No. 169, 613 F.2d 1235, 1239 (3d Cir.1980); see also United States v. Crawley, 837 F.2d 291, 293 (7th Cir.1988) (expressing concern over decisions based on issues not refined by the fires of adversary presentation). In his opening brief, Taylor simply argued that a fiduciary may not materially mislead a plan participant. Appellant’s Brief at 11.[3] Moreover, in his reply brief, Taylor makes it clear that his argument is that PNG is a fiduciary and it owed the fiduciary duty of conveying complete and accurate information to him. Appellant’s Reply Brief at 2. Taylor states, “PNG continues to assert its status as employer only, to which the Appellant disagrees. [sic].” Id. at 1. Since the majority apparently agrees that PNG is not a fiduciary, see Maj.Op. at 983-85 n. 1, it is difficult to see how Taylor’s arguments make it necessary to discuss the plan administrator’s possible liability due to statements by non-fiduciary agents. Taylor never specifically pressed on appeal the claim that because the plan administrator is a fiduciary, it should be liable for statements of its non-fiduciary agents. Accordingly, counsel for PNG and the Annuities and Benefits Committee had no occasion to evaluate this issue in their briefs.[4] Without proper argument and discussion of this issue, it is ill-advised to reach such claims.
Finally, the majority’s decision to reach the issue of a plan administrator’s liability for non-fiduciary agents is ill-advised because the majority’s conclusion is not firmly dictated by our previous precedents. The majority states that the conclusion it reaches is consistent with our reasoning in Fischer v. Philadelphia Electric Co., 994 F.2d 130. (3d Cir.), cert. denied, — U-.S.-, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993). In Fischer, however, we merely held that “[a] plan administrator may not make affirmative material misrepresentations to plan participants about changes to an employee pension benefits plan.” Fischer, 994 F.2d at 135. We did not comment on the possible liability of a plan administrator for statements by its non-fiduciary agents. While the majority’s position may be a logical extension of Fischer, I would have left our decision as to whether such an extension is justified to another day when the issue is more squarely presented. Accordingly, relying simply on the fact that Taylor failed to demonstrate misrepresentation in this case, I would affirm the decision of the magistrate.

. Accordingly, footnote one of the majority opinion is slightly misleading when it first states-that "[t]he Magistrate Judge granted PNG's motion for summary judgment on this claim concluding that, under the circumstances, PNG was not subject, in its capacity as plan sponsor, to ERISA’s fiduciary obligations” and then draws the conclusion that "Taylor's claim of fiduciary breach is properly limited in this case to the plan administrator.” Maj.Op. at 984 n. 1. While it is certainly accurate to explain that PNG, the plan sponsor, is not a fiduciary, the majority's footnote makes it appear as if the magistrate judge drew the distinction between the duty of an employer as a plan sponsor and the fiduciary duty of the Annuities and Benefits Committee as a plan administrator. Indeed, the magistrate judge did not even distinguish between the plan sponsor and the plan administrator in the discussion section of his opinion.

. The majority states that Taylor's belief was reasonable because "evidence demonstrates that plan participants generally considered Burgun-der the person to speak with regarding possible changes in retirement benefits.” Maj.Op. at 989 (emphasis added). In support of this proposition the majority cites a- portion of the deposition testimony of Taylor, App. at 22a, and a portion of the deposition testimony of Burgunder, App. at 39a-40a. In the portion of Taylor's testimony that the majority cites, Taylor simply recounts his feeling that most people "felt comfortable” dealing with Burgunder concerning their retirement. Taylor never makes the claim that others felt comfortable relying on Burgunder’s statements . about potential plan amendments. Further, in the portion of Burgunder's testimony that the majority cites, Burgunder merely testifies that he had discussed "rumors” of a new retirement program with employees.
As a preliminary matter, it is difficult to understand how a discussion of “rumors” could give rise to a reasonable belief that Burgunder could authoritatively speak to the issue of plan amendments. Even more importantly, it is hard to comprehend how the majority can rely on statements by Burgunder, the alleged agent, to conclude that the principal (i.e., the plan administrator), made a representation to the employees that Burgunder could speak authoritatively about possible amendments. What the majority lacks is a statement by the plan administrator, the principal, disclosing that Burgunder could give advice concerning potential plan amendments.

. Taylor also argued that (1) an employer has an affirmative duty to inform its employees of any action it is considering taking in the future, and (2) that there are insufficient facts in this record to resolve certain disputed issues. The first argument is disposed of by the majority opinion at footnote three. The second argument becomes irrelevant once we conclude that there was no misrepresentation.

. PNG does argue, by way of an alternative grounds to affirm the magistrate’s decision, that PNG is not a fiduciary and that Burgunder is not a fiduciary. It does not, however, reach the question of whether Burgunder could bind the plan administrator as a non-fiduciary agent.