**LAKE COUNTY OFFICE OF FAMILY AND CHILDREN, Appellant,**

v.

**Samuel ODISHO, Jr., Appellee.**

No. 45A03–9412–JV–461.

Court of Appeals of Indiana.

Oct. 23, 1995.

Rehearing Denied Feb. 20, 1996.

Mary Luz Corona, M. Elizabeth Flores, Eugene M. Velazco, Jr., Lake Co. Office of Family & Children, Gary, for Appellant.

Nick J. Thiros, Cohen & Thiros, Merrillville, for Appellee.

**OPINION**

GARRARD, Judge.

The Lake County Office of Family and Children (OFC) appeals a delinquency disposition order making Samuel Odisho, Jr. a ward of the OFC.

## FACTS

On March 18, 1993, Odisho accidentally shot and killed a friend. On March 31, 1993, Odisho's father, fearing that his son was suicidal, contacted his son's probation officer.[1] Odisho's father was directed to the OFC, where Harold Barnwell apparently told him to take Odisho to Our Lady of Mercy Hospital and have the Hospital contact the OFC to arrange a Child in Need of Services ("CHINS") hearing to make Odisho a ward. After one week, when no progress was made on the CHINS proceeding, Odisho's father removed Odisho from the facility due to his inability to pay.

Odisho was arrested on April 21, 1993, and two days later a delinquency detention hearing was held to determine whether there was probable cause that Odisho had committed a delinquent act. The court found probable cause that Odisho had committed criminal recklessness. At the hearing, Odisho's probation officer requested that Odisho be hospitalized, and Odisho's attorney asked that the court make him a temporary ward of the OFC. The court found probable cause that Odisho was a CHINS and made him a temporary ward of the OFC. On July 7, 1994, Odisho's counsel admitted the allegations contained in the CHINS petition. The court made the wardship retroactive to March 31, 1993, to cover the initial week that Odisho was hospitalized.

After a lengthy trial, the court found that Odisho had committed a delinquent act. On September 6, 1994, a disposition hearing for both the CHINS and delinquency causes was held. The temporary wardship under the CHINS cause was dismissed, but the court ordered that Odisho be made a ward of the OFC under the delinquency cause, to be retroactive to the date of the shooting, March 18, 1993. The OFC appeals from the September 6, 1994 order.

1. At the time of the shooting incident, Odisho was on in-house arrest due to previous delinquency charges.

2. In its brief, the OFC's argument only raises as error the wardship awarded in the delinquency cause on September 6, 1994. As we determine

## ISSUES AND DISCUSSION

Our resolution of this case requires us to address only one issue: Whether the court erred in making Odisho a ward of the OFC under the delinquency cause.[2]

### ISSUE I

The OFC contends that the court erred in making Odisho a ward of the OFC at the delinquency disposition hearing. We agree.

In *Matter of Garrett* (1994), Ind.App., 631 N.E.2d 11, *trans. denied,* the juvenile court ordered a delinquent to be made a ward of the Department of Mental Health. On appeal, the court held that the court below was without authority to make such a wardship. The exclusive means for court-ordered wardship of a delinquent is set forth in Ind.Code § 31–6–4–15.9. *Id.* at 12. This statute authorizes court-ordered wardship of a delinquent to the Department of Corrections or a community based correctional facility for children. I.C. § 31–6–4–15.9(a)(1). Garrett argued that, because the statute also authorizes a wardship to any person or shelter care facility, and because a person is defined to include a governmental entity, the wardship to the Department of Mental Health was proper. *See* I.C. §§ 31–6–4–15.9(a)(5) and 31–6–1–2. However, the court held that applying such a meaning to I.C. § 31–6–4–15.9(a)(5) was inconsistent with the restriction of awarding wardship to a particular governmental agency, the Department of Corrections, under I.C. § 31–6–4–15.9(a)(1). Thus, the wardship to the Department of Mental Health was erroneous.

We find *Garrett* controlling here. In its delinquency disposition order of September 6, 1994, the court attempted to make Odisho a ward of the OFC. In a delinquency disposition proceeding, a wardship may only be awarded to the Department of Corrections or a community-based correctional facility for children. Thus, we find that the court erred in making Odisho a ward of the OFC in the

that the court erred in ordering that wardship, we do not address the issue of the retroactivity of that wardship. Further, as it appears that the temporary wardship under CHINS proceeding was dismissed, we do not reach the third issue raised by the OFC.

delinquency disposition proceeding and we remand for the court to enter disposition under I.C. § 31–6–4–15.9. *See Id.*

Reversed and remanded for further proceedings consistent with this opinion.

HOFFMAN and STATON, JJ., concur.