**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GORDON A. ETZLER**
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLY BERTHOLET STOKES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1205-ES-237 |
| | ) | |
| ESTATE OF KENNETH STOKES, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable John P. Shanahan, Temporary Judge
The Honorable Katherine R. Forbes, Magistrate
Cause No. 64D02-1103-ES-2450

**January 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

After her former husband, Kenneth Stokes, died, Kelly Bertholet filed in the estate proceedings a Motion for Reimbursement of Monies Seized by Bank. The probate court denied the motion following a hearing. Bertholet filed a Motion to Correct Error, which was denied after a hearing. Thereafter, Bertholet filed the instant interlocutory appeal pursuant to Indiana Appellate Rule 14(A). We find the following issue dispositive: Does this court have jurisdiction to hear this interlocutory appeal?

We dismiss.

Because we decide this case on jurisdictional grounds, we will focus primarily on the procedural history of this case and set forth only a few underlying facts. Stokes died testate on October 10, 2010, and the Estate was opened on March 24, 2011 in the Porter County Superior Court. His surviving spouse was appointed personal representative.

On July 1, 2011, Bertholet filed a Motion for Reimbursement of Monies Seized by Bank, seeking immediate reimbursement from the Estate of money that 1st Source Bank had seized from Bertholet's bank accounts, after Stokes's death, to satisfy part of an obligation of the Estate, for which Bertholet was still listed as a joint obligor. The Estate objected to the motion on the basis that granting the motion would improperly treat Bertholet's claim as a priority claim. Following a hearing, the probate court denied the motion on July 28, 2011. The court noted, however, that Bertholet "is not precluded by virtue of this ruling from filing additional or amended claims herein." *Appendix* at 42.

On August 26, 2011, Bertholet filed a motion to correct error. The probate court held a hearing on April 4, 2012, and denied the motion to correct error that same day. Bertholet

filed her Notice of Appeal on May 4, 2012, indicating that this was an appeal as a matter of right.

An appeal as a matter of right is allowed under App. Rule 14(A) only when the order fits within an exclusive list of types of interlocutory orders. For our purposes, one of the enumerated categories is an interlocutory order for "the payment of money". App. R. 14(A)(1). The order in this case, however, did not require the payment of money; rather, it denied the payment of money. Our appellate rules do not contemplate the denial of the payment of money as a basis for an interlocutory appeal as a matter of right. *See Appeal of Wickersham*, 594 N.E.2d 498 (Ind. Ct. App. 1992); *Bayless v. Bayless*, 580 N.E.2d 962 (Ind. Ct. App. 1991), *trans. denied*. Because no basis exists for an interlocutory appeal as a matter of right pursuant to App. R. 14(A), we must dismiss Bertholet's appeal for lack of jurisdiction.[1] *See Rowe v. Ind. Dep't of Correction*, 940 N.E.2d 1218 (Ind. Ct. App. 2011), *trans. denied*.

Dismissed.

BROWN, J., and PYLE, J., concur.

---

[1] Even if this qualified as an interlocutory appeal as a matter of right, we would still lack jurisdiction. Rule 14(A) requires that the notice of appeal from an interlocutory order as a matter of right be filed "within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary". Here, the probate court denied Bertholet's motion for reimbursement on July 28, 2011. She did not file her notice of appeal until May 4, 2012. Although Bertholet filed an intervening motion to correct error, this would not have tolled the time requirements of Rule 14(A). *See Young v. Estate of Sweeney*, 808 N.E.2d 1217 (Ind. Ct. App. 2004) (filing of a motion to correct error between the entry of an interlocutory order and the filing of the notice of appeal does not save a litigant from procedural default).