**Jamie DAVIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9209–CR–284.

Court of Appeals of Indiana,
Third District.

Feb. 15, 1993.

Linda M. Wagoner, Fumarlo & Wagoner, PC, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Jamie Davis appeals a ruling of the Allen Superior Court finding him in direct contempt of court.

The transcript of the contempt hearing on May 7, 1992, reads as follows:

"COURT: Jamie Davis. Jamie. Mr. Davis, at this point I am finding you in direct contempt of court for attempting to bring a loaded firearm into this courtroom while the court is in session.

DEFENDANT: Your Honor, may I speak?

COURT: (No response from court.) I understand that you have a permit for the gun and I understand that once the gun was detected, you made no resistance and didn't attempt to do anything about it, so I won't give you the maximum sentence which you would have had if any of those things had been true. There will be a sentence of ten days in jail. The permit has been checked and apparently it is all right, so you will get your gun back after you get out of jail. He is to be taken downstairs and given a Breathalyzer test and if he is over .10, he is to be arrested for public intoxication and, if not, then the contempt is the end of it.

BAILIFF: Yes, sir.

DEFENDANT: Do I get to speak?

MS. GULL:[1] Jamie, that is up to the judge."

The court's judgment, also dated May 7, 1992, reads as follows:

"Defendant present Defendant found by the Court to be in direct contempt of this court for attempting to bring a loaded 9 MM automatic pistol into the courtroom while court was in session on a matter of concern to the defendant personally and under circumstances of a specific threat previously conveyed to the court regarding this defendant and in the case being heard. Ten days ACF Defendant's Costs."

On May 8, 1992, pursuant to IND.CODE § 34-4-7-7 (1988 Ed.), appellant filed a motion to reconsider supported by a memorandum and four affidavits. The court released appellant, waived costs, and closed the case on May 9, 1992. This appeal ensued.

■ Appellant raises two issues for review; however, this Court finds the following issue dispositive: whether the trial court erred in finding appellant in direct contempt of court without affording him an opportunity to respond to the court's statement.

■ Direct contempt usually refers to conduct directly interfering with court proceedings while court is in session. IND. CODE § 34-4-7-1 (1988 Ed.). Such conduct must generally take place in or immediately adjacent to the courtroom, while court is in session, so that the judge has personal knowledge of such conduct in his or her official capacity. *Andrews v. State* (1987), Ind.App., 505 N.E.2d 815, 830. Indirect contempt, on the other hand, arises from conduct which does not occur in the presence of the court, such as failure of a party to obey a court order or process. IND.CODE § 34-4-7-3 (1988 Ed.).

Here, the trial court expressly stated that it found appellant in direct contempt of court; however, the court's own judgment indicates that any contemptuous conduct on appellant's part did not directly interfere with court proceedings: "Defendant ... found by the Court to be in direct contempt of this court *for attempting to bring* a loaded 9 MM automatic pistol into the courtroom while court was in session...." (Emphasis supplied.) The transcript of the contempt hearing also shows a lack of direct interference with court proceedings: "... *I understand that* once the gun was detected, you made no resistance and didn't attempt to do anything about it ..." (Emphasis supplied.) Considering that the affidavits appellant filed with his motion to reconsider indicate that someone outside the courtroom informed the court that appellant had entered the building with a gun but taken it outside before entering the courtroom, the court's finding of direct contempt and taking of summary action were inappropriate.[2]

■ Furthermore, even if appellant had been in direct contempt of court, the court did not afford him an opportunity to respond in accordance with IND.CODE § 34-4-7-7 which provides in pertinent part:

"When any person shall be arraigned for a direct contempt, ... the court shall distinctly state the act, words, signs or gestures, or other conduct of the defendant which is alleged to constitute such contempt; and such statement shall be reduced to writing ... and the same shall be substantially set forth in the order of the court on the same, *together with any statement made in explanation, extenuation, or denial thereof, which the defendant may make in response thereto...."

(Emphasis supplied.) The judgment of the trial court is reversed.

Reversed.

GARRARD and SHIELDS, JJ., concur.

---

**1.** The cover page of the transcript of the contempt hearing identifies Frances C. Gull as the Chief Prosecuting Attorney of the 38th Judicial Circuit, State of Indiana.

**2.** The State correctly acknowledges that, if this Court were to find appellant in indirect contempt of court, the trial court failed to follow the procedures set forth in IND.CODE §§ 34-4-7-8 and -9 (1988 Ed.).