Dawn MACON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9302–CR–62.

Court of Appeals of Indiana,
Third District.

Feb. 28, 1994.

Patrick J. Arata, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

On February 5, 1993, Dawn Macon appeared *pro se* in Allen Superior Court, Misdemeanor and Traffic Division, before the Honorable Jeffrey Gulley, judge pro tempore. She was charged with the infraction of disregarding an automatic traffic signal.

The state presented its evidence and rested. Then the following took place:

Court: OK, you can tell me your side of the story.

Ms. Macon: First of all, I would like to say that the area that you guys so casually joked about being the inter [sic] city between Pontiac and Winter Street, the case I heard prior to do with drugs—

Court: Ms. Macon—Ms. Macon—

Ms. Macon: —No, I just want to go on—

Court: Ms. Macon—if you interrupt me one more time, you will go to jail. Is that clear?

Ms. Macon: (No response from defendant.)

Court: I don't tolerate that in this courtroom, ma'am, and you remember it for the future. Do you understand?

Ms. Macon: (No response from defendant.)

Court: I want an answer. Do you understand? Yes or No?

Ms. Macon: Yes, I understand.

Court: All right. I don't want to hear you say one thing about another case you have heard today. Is that clear?

Ms. Macon: It was public—

Court: You will present your testimony in a proper, deferential, and respectful manner in this courtroom. If you raise your voice in a manner that I find contemptuous, I will cite you for direct contempt of this court and you will go to jail for a minimum of thirty days. Do I make myself clear?

Ms. Macon: I know you have the power.

Court: Very well. Then you may present your case.

Ms. Macon then testified in her defense. When the state announced that it had no questions on cross examination, the following occurred:

Court: Thank you. The court, after hearing the evidence in this cause, enters judgment for the plaintiff, the State of Indiana—

Ms. Macon: I knew that.

Court: Ms. Macon, you just bought yourself two days in jail.

Ms. Macon: Fine.

Court: Ms. Macon, four days in jail. Do you want to keep it up? I had already planned on assessing a fine of two hundred fifty dollars for finding you in direct contempt. That is two—let me make my calculations here. The court further finds the defendant to be in direct contempt of this court for her rude, disruptive and disrespectful behavior of this court demeaning to—the position of this court the defendant is fined two hundred fifty dollars for that direct contempt finding and given an imposed four days to serve in the Allen County Jail. I will give you time to pay the underlying—no, actually I won't—it is going to be pay or serve. That is all. You are remanded into custody, Ms. Macon.

Later, the defendant was brought back into court and the following transpired:

Court: Ms. Macon, would you raise your right hand please (witness complies with request and is sworn.) Ms. Macon, we are on the record in State v. Dawn L. Macon, 9212–IF–32387. This proceeding is a con-

tinuation of the proceeding which was commenced earlier today at which time we had a trial in this cause. I found in favor of the State of Indiana. Do you recall that we had some problems this morning and I found you in direct contempt of court and ordered you confined. Do you recall that?

Ms. Macon: Yes.

Court: Ms. Macon, I am going to ask you some questions. If you please will respond to my questions when I ask you. When you were in court this morning you were sitting at the defendant's table in that chair. Is that correct?

Ms. Macon: Yes.

Court: At the time you were in the courtroom this morning during your trial, did you, at any time, have a weapon in your possession?

Ms. Macon: Yes.

Court: Would you please tell me what kind of weapon you had in your possession?

Ms. Macon: Smith & Wesson .38 Special.

Court: Where was that weapon located?

Ms. Macon: It was in my purse.

Court: Was it loaded or unloaded?

Ms. Macon: I don't remember. I didn't check it.

Bailiff: I believe there [were] three rounds of ammunition.

Court: You don't remember or recall if there [were] three live rounds of ammunition in the gun?

Ms. Macon: I didn't check it. I always carry it. I didn't even check it.

Court: I take it the weapon is now in possession of the Allen County Police Department. Is that correct?

Ms. Macon: They have all my personals.

Court: The court finds that during the trial of this cause the defendant was in possession of a loaded weapon in violation of local court rules prohibiting weapons of any kind in the courtroom or its environment. The court finds the defendant in possession of a loaded .38 Special, threatens the safety of this court, the court employees, and the general public. Defendant is further found to be in direct contempt of this court and you are ordered confined ninety days in the Allen County Jail. The court hereby orders the weapon destroyed. That is all.

Ms. Macon appealed and this court granted a stay pending the appeal.

We first consider Judge Gulley's findings that Ms. Macon was in contempt for her comments, "I knew that" and "fine."

■ The statements were made by a person unrepresented by counsel in traffic court. Nothing in the record discloses that they were loud, accompanied by unruly physical conduct or disruptive except to the extent that they, perhaps, indicated some lack of respect for the court or the proceedings.

The applicable statute, IC 34–4–7–1, while not conclusive, clearly focuses upon the disruptive nature of a person's conduct as critical in matters of direct criminal contempt. *Russell v. State* (1981) Ind.App., 428 N.E.2d 1271, 1274–1275.

As our supreme court stated in *Grimm v. State* (1959) 240 Ind. 125, 162 N.E.2d 454, 456,

[I]t is of the utmost importance in a free society that the power to punish for contempt be not misused as in cases when it is utilized to protect the personal or individual feelings of the judge.

We believe it is unnecessary to review these two decisions or the other cases on the subject at length. We do commend their reading to all those newly or temporarily appointed to serve the public as judicial officers. Judges are leaders, but we must remain ever alert to the fact that we are servant leaders.

Our examination of the record as recited above leads us to conclude that Ms. Macon's comments were impolite but did not in fact constitute contempt. *Russell, supra.* We therefore vacate those two convictions for contempt.

The matter of Ms. Macon's handgun presents a different issue. It is obviously appropriate to forbid litigants, witnesses and spectators to bring firearms into the courtroom. It is equally obvious that because of the potential for harm, coming into a courtroom armed is a matter of grave concern.

Yet Ms. Macon's conduct in the instant case did not necessarily constitute contempt of court, and under the circumstances it clearly did not constitute *direct* contempt.

■ As already pointed out, the critical features of direct contempt are that the contemptuous conduct occur in the presence of the court and that it disrupts or disturbs the proceedings. *See also Ex parte Wright* (1879) 65 Ind. 504.

In *Davis v. State* (1993) Ind.App., 608 N.E.2d 995, which likely dealt with this same rule of the Allen County courts, we found the appellant not in direct contempt because although he entered the building with a handgun, it was detected and surrendered before he entered the courtroom.

■ In the present case Ms. Macon apparently had the weapon in her possession in her purse throughout the proceeding in the courtroom. There was, however, no disruption or disturbance whatever. In fact, no one was aware of the gun until she was booked into the jail after the conclusion of the proceeding. Therefore, no direct contempt was committed and Judge Gulley erred by finding her in direct contempt. If her conduct constituted an indirect contempt, she is entitled to the benefit of the procedures for the due adjudication thereof. *See* IC 34–4–7–3; IC 34–4–7–8.

The judgments are reversed and the appellant is ordered discharged.

STATON and SULLIVAN, JJ., concur.