248 Ind. 130 (1967)
224 N.E.2d 55
STATE EX REL. NEAL ET AL.
v.
HAMILTON CIRCUIT COURT, ROBERT McNEVIN, SPECIAL JUDGE.
No. 31,001.
Supreme Court of Indiana.
Filed March 13, 1967.
*131 Symmes, Fleming, Ober & Symmes, of Indianapolis, and Christian, Waltz, White & Klotz, of Noblesville, both for relators.
Robert McNevin, pro se.
JACKSON, J.
This matter comes to this court by way of a verified Petition for Writ of Mandate against the respondents. The petition in pertinent part reads as follows:
"1. That on the 19th day of July, 1965, there was caused to be filed in the office of the Clerk of the Hamilton Circuit Court an action entitled `State of Indiana, in the relation of The Hamilton County Circuit Court v. Jim Neal, The Noblesville Daily Ledger, a corporation,' which action was captioned as `Citation for Criminal Contempt and Rule to Show Cause Why They should not be punished for Same,' and in which Relators here were named as Respondents in said action, a certified copy of which Citation is attached hereto and made an exhibit hereto as a part of `Exhibit A.'
"2. That said Clerk of said Hamilton Circuit Court received the said Citation and placed thereon the file marks of said court and docketed the same on the entry docket of said court as Cause No. C5-099; that thereupon said Clerk pursuant to a Writ for Body Attachment endorsed upon said Citation issued said Writ to the Sheriff of Hamilton County, Indiana, directing and commanding said Sheriff to summon Relators here to appear before the Judge of the Hamilton Circuit Court to answer for a contempt of said Court; that a certified copy of said `Order for Body Attachment' and the return thereon is attached hereto and made an exhibit hereto as part of Exhibit `A.'
"3. That on the 21st day of July, 1965, Respondent here, Robert W. McNevin, was duly appointed Special Judge in said action; that on the 22nd day of July, 1965, said Respondent accepted said appointment, qualified and assumed jurisdiction in the said action.
"4. That on the 19th day of August, 1965, there was filed in said action by Relators here a certain pleading titled `Defendants' Motion to Discharge' and defendants' *132 memorandum and brief in support of said motion; that a certified copy of said motion is attached hereto and made an exhibit hereto as a part of Exhibit `A.'
"5. That Relators' said motion presented an issue of law or fact in that it moved the Court to discharge the rule against Relators to show cause why they should not be punished for contempt.
"6. That on the 30th day of October, 1965, Respondent here, Robert W. McNevin, declined to rule upon said pending motion and purported to withdraw the action from further consideration; that a certified copy of said purported ruling is attached hereto and made an exhibit hereto as a part of Exhibit `A.'
"7. That on the 15th day of February, 1966, Relators here filed in said action a motion entitled `Defendants' Motion for Selection of Special Judge,' which said motion alleged that Respondent, Robert W. McNevin, as Special Judge, had failed to determine any issue of law or fact presented by said `Motion to Discharge' filed therein on the 19th day of August, 1965, that more than 180 days had elapsed since said `Motion to Discharge' had been presented to Respondent for determination, and requesting that submission of the issue in question be withdrawn from the Respondent, that he be disqualified to hear or determine any of the issues in said cause and that a special judge be appointed to take jurisdiction therein under the same rules and regulations prescribed by law where the judge is disqualified for hearing a given cause, all as provided by Rule 1-13 of the Rules of the Supreme Court of Indiana; that a certified copy of said motion is attached hereto and made an exhibit hereto as a part of Exhibit `A.'
"Relators would further show that their motion filed for the selection of a special judge was timely and properly filed and is sufficient in form and substance under the law and the rules of the Supreme Court of the State of Indiana to entitle Relators to a change of venue from the Special Judge in said cause; that said cause of action was such a cause for which a change of venue and selection of a special judge is allowed by law. That more than 120 days have elapsed since the 15th day of February, 1966, the date upon which the Relators filed their motion for the selection of a special judge in said cause, and that the Hon. Robert W. McNevin has failed and refused to act upon said motion.
"8. That more than 60 days have elapsed since said `Defendants' Motion for Selection of Special Judge' was *133 filed in said action and that Respondent, Robert W. McNevin, has failed and refused to act upon said motion as presented for determination; further, said Respondent has indicated by word and deed that he will take no action upon said motion as presented for determination.
"9. The Relators make a part of this petition for mandate and attach hereto a certified copy of the record of the proceedings of said cause now pending in the Hamilton Circuit Court and before the Respondent, the Hon. Robert W. McNevin, Special Judge of said court in said cause, and the same is marked Exhibit `A'; that said copy is properly certified by the Clerk of the Hamilton Circuit Court under the seal of said court.
"WHEREFORE, Relators here pray that an alternative writ of mandate be issued against Respondent herein, mandating the granting of Defendants' Motion for Selection of Special Judge in said cause entitled `State of Indiana, in the Relation of the Hamilton County Circuit Court v. Jim Neal, The Noblesville Daily Ledger, a corporation,' the same being Cause No. C5-099 in said Hamilton Circuit Court, and commanding Respondent to show cause on or before a day to be fixed by the court why the writ should not be made permanent and for all other proper relief."
The petition for the Writ was filed July 11, 1966, and on that date the court issued an alternative writ of mandate "... commanding the Hamilton Circuit Court and Robert W. McNevin, as Special Judge thereof, to grant the Defendants' Motion for Selection of Special Judge in said cause entitled `State of Indiana, in the Relation of the Hamilton County Circuit Court v. Jim Neal, The Noblesville Daily Ledger, a corporation,' the same being cause No. C5-099 in said Hamilton Circuit Court, or, on failure to do so, that the Respondents file their return showing any reason in law or in fact why this writ should not be made permanent on or before 8 Aug., 1966."
Respondents filed their return to the alternative writ on August 2, 1966. In such return the judge alleged that the written opinion filed in said cause in the trial court was a final judgment from which the relators could have appealed. He further contends that the written opinion served to disqualify *134 him so that he could not and does not have the authority or jurisdiction to name a panel from which a special judge can be selected. The written opinion further holds that the statute under and by which the special judge assumed jurisdiction, Acts, 1931, ch. 26, § 1, p. 62, § 3-911, Burns' 1946 Replacement, is unconstitutional because it is a legislative interference with the judicial branch of government and is in violation of the doctrine of separation of powers. Since respondent in his opinion decided the statute is invalid, the respondent held that he had no jurisdiction or authority to make a determination on the pending motion filed in the case. The matter was then withdrawn from further consideration and judgment was withheld.
In paragraph six of his return to the alternative writ the respondent alleged the written opinion constituted a final judgment from which the relators could have appealed. As a general rule, a final judgment which is appealable, is one which disposes of all issues as to all the parties, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues. Desho v. State (1957), 237 Ind. 308, 311, 145 N.E.2d 429; McNelis v. Wheeler (1947), 225 Ind. 148, 152, 73 N.E.2d 339; Enmeier v. Blaize (1932), 203 Ind. 303, 306, 179 N.E. 783.
Procedures for appeals in contempt cases are specifically provided for by statute. The procedures for appealing cases of direct contempt are contained in Acts 1879 (Spec. Sess.), ch. 35, § 7, p. 112, § 3-907, Burns' 1946 Replacement. The procedures for appeals from cases of indirect contempt are set out in Acts 1879, (Spec. Sess.), ch. 35, § 9, p. 112, § 3-909, Burns' 1946 Replacement. In both instances, an appeal lies only after punishment has been inflicted. Thus, there is no appealable final judgment in contempt cases until the court has proceeded to attach and punish the defendant for contempt by fine or imprisonment. Hence, *135 in the case at bar, there was no final judgment from which an appeal could have been perfected.
By paragraph seven the respondent raises the issues as to whether or not he has jurisdiction to name a panel for the selection of a special judge. Respondent asserts that the statute, § 3-911, Burns' 1946 Replacement, supra, by virtue of which he assumed jurisdiction herein, is unconstitutional because it violates the doctrine of separation of powers provided for by Art. 3, § 1, of the Constitution of Indiana which reads as follows:
"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."
The statute in question, Acts 1931, ch. 26, § 1, p. 62, § 3-911, Burns' 1946 Replacement provides in part:
"In all cases of indirect contempt of courts ... the court against which the alleged contempt may be committed shall, at the time the rule to show cause is issued, nominate three [3] competent and disinterested persons, each of whom shall be an available judge or member of the bar of this state, to be submitted to the parties in the action, from which the state of Indiana, by the prosecuting attorney, and the defendant, shall immediately strike off one of such names each. The court shall thereupon appoint such person who shall remain unchallenged to preside in said cause as special judge...."
Respondent argues that the courts have inherent power to punish for contempt. He asserts the statute is a legislative mandate interfering with that inherent power, that such a legislative mandate is an erosion of the doctrine of the separation of powers. Respondent asserts that by mandating the regular judge to disqualify himself the statute becomes invalid. In his written opinion, the respondent *136 referred to the annotation at 64 A.L.R.2d 603 in support of his contention that the statute is invalid. The annotation points out two cases from California and two cases from Michigan which held that a legislature does not have unlimited power to enact statutes providing for the disqualification of judges in contempt proceedings. It is significant that each of these cases involved a direct contempt. In fact, the cases only limited the authority of the legislature in cases of direct contempt where the court had the power to invoke punishment summarily. The case of Briggs v. Superior Ct. (1931), 211 Cal. 619, 297 P. 3, held that the legislature has power to provide for the disqualification of a judge in proceedings for the punishment of a constructive contempt, since in such case no necessity for an immediate and summary action on the part of the trial court exists.
The case at bar does not involve a summary contempt proceedings as it was an indirect and not a direct contempt and required compliance with the statute and giving notice. The legislature did not exceed its authority, nor did the legislation the respondents think unconstitutional, violate Art. 3, § 1 of the Constitution of Indiana. The special judge does have, or perhaps did have, both jurisdiction and authority to determine the cause.
On February 15, 1966, relators herein filed their motion for selection of a special judge. More than 180 days had elapsed since the Motion to Discharge had been presented respondent for determination, and at the time of the filing of the motion for the selection of a Special Judge on the 15th day of February, 1966, the only jurisdiction possessed by the respondent herein was to name the panel from which a Special Judge should have been selected.
The alternative writ of mandate heretofore issued is now made absolute and permanent, and the respondent judge is ordered to comply with said writ upon the certification of this opinion to him.
*137 Arterburn, C.J., Hunter, Myers and Mote, JJ., concur.
NOTE.  Reported in 224 N.E.2d 55.