**Kathryn AZHAR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–9902–CR–96.**

Court of Appeals of Indiana.

June 3, 1999.

Andrew C. Krull, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

KIRSCH, Judge

Appellant–Defendant, Kathryn Azhar, appeals from the Hamilton Superior Court's ("Superior Court") denial of her Motion to Correct Errors and/or Belated Request for Trial De Novo following a finding of contempt entered against her by the Noblesville City Court ("City Court").

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 24, 1998, Azhar appeared *pro se* in the City Court before Judge Pro Tempore Brian Zaiger on a speeding violation. While she did not contest that she had been speeding on the date of the infraction, Azhar did not believe she had been traveling 52 miles per hour in a 30 mile per hour zone as charged. Judge Zaiger agreed to amend Azhar's offense from 52 miles to 45 miles per hour in a 30 mile per hour zone and assessed a $125.00 fine against her. The following

exchange between Judge Zaiger and Azhar then transpired:

AZHAR: I'm sorry. I'm not understanding what you're saying.

ZAIGER: Pardon me.

AZHAR: I'm not understanding what you're saying. The thing that I have says that the costs for that would be $97.

ZAIGER: That doesn't mean anything. That is if you want to mail it in, they'll settle for that. But here, the only thing that I'm bound by is that I can't charge you more than 500 plus court costs.

AZHAR: Okay. So, what are you writing down?

ZAIGER: I've amended it to 45 in a 30; so, its a two-point offense. And the cost and fine is $125. Are you able to pay that today?

AZHAR: Yes.

. . .

AZHAR: Can you explain to me why it's higher than it was on this sheet?

ZAIGER: It's my discretion. I can do anything I want.

AZHAR: Your discretion?!

ZAIGER: I can put you in jail for talking to me like that.

AZHAR: Would you like to do that?!

ZAIGER: I will fine you $25 for contempt. Want to try something else?

AZHAR: I'm trying to maintain my respect and composure.

ZAIGER: Why don't you have a seat there until I decide what I want to do with you.

AZHAR: Fine.

. . .

ZAIGER: She is going to sit there until I decide whether I want to fine her some more or put her in jail.... I'm damn serious.

*Record* at 84–86. Azhar was then escorted by a police officer to a holding cell where she remained for approximately thirty minutes. Judge Zaiger subsequently suspended the $25 fine.

After retaining counsel, Azhar filed a praecipe for appeal from the contempt citation on April 22, 1998. On June 2, 1998, she filed a motion to reconsider her contempt finding. The City Court denied her motion on July 1, 1998 following a hearing on the matter. On July 21, 1998, Azhar filed a Verified Motion to Correct Errors with the City Court, which also was denied on September 11, 1998. On September 28, 1998, she filed a Request for Trial De Novo in the Superior Court. The Superior Court denied Azhar's motion as untimely and refused jurisdiction. She subsequently filed her Motion to Correct Errors and/or Belated Request for Trial De Novo on October 30, 1998, which the Superior Court denied on November 9, 1998. Azhar now appeals.

## DISCUSSION AND DECISION

■ Azhar initially contends that the proper procedure in Indiana for judicial review of a direct contempt finding by a city court is unclear. We disagree. The appeals process in contempt cases has long been provided for by statute. At the time Azhar was cited for direct criminal contempt by the City Court, the procedure for appealing such a determination was specifically set out in IC 34–4–7–7 (1983).[1]

■ The Indiana Rules for Trial De Novo, on the other hand, only apply following: (1) a civil judgment in city court; (2) an infraction or ordinance violation judgment in a city or town court; or (3) a misdemeanor trial in a city or town court. *Id.* These rules do not contemplate findings of direct contempt and apply solely to misdemeanor trials and judgments, be they civil or criminal or otherwise, rendered by city and town courts. Indeed, a court's ruling declaring a party guilty of contempt is not a judgment upon the merits, and does not constitute an adjudication of the rights of the litigants. *Proctor v. Cole,* 104 Ind. 373, 375, 3 N.E. 106, 107 (1885). As such, Azhar's contempt citation does not fall within the scope of the Rules of Trial De Novo and should have been appealed pursuant to the provisions of IC 34–4–7–7. The Superior Court was without jurisdiction to review the City Court's finding of direct criminal contempt against Azhar, and its refusal to do so was proper.

1. IC 34–4–7–7 (1983) was repealed and replaced in 1998, subsequent to Azhar's contempt citation, by IC 34–47–2–4 and IC 34–47–2–5, with no substantive changes made.

In light of our holding that the Indiana Rules of Trial De Novo do not apply to contempt citations, we decline to address the timeliness of Azhar's request for trial de novo or the issue of ineffective assistance of counsel. In addition, we decline to consider the merits of Azhar's underlying contempt charge as it is not a proper issue in this appeal. She cannot raise the argument that the City Court erred in determining her conduct constituted direct criminal contempt on appeal from the Superior Court's denial of her request for trial de novo. As stated above, any error in the City Court's finding of contempt against Azhar should have been raised in a direct appeal from that ruling in accordance with IC 34–4–7–7.

■ We note additionally that inherent in the contempt appeals procedure set forth in the Indiana Code is the notion that an appeal will only lie from a final judgment, after punishment has been imposed. *See State ex rel. Neal v. Hamilton Circuit Court,* 248 Ind. 130, 134, 224 N.E.2d 55, 58 (1967). "[T]here is no appealable final judgment in contempt cases until the court has proceeded to attach and punish the defendant for contempt by fine or imprisonment." *Neal,* 248 Ind. at 134, 224 N.E.2d at 58. Hence, where Azhar's $25 fine for contempt was suspended by the City Court, there was no final judgment, and therefore no basis for an appeal. *Id.*

Our holding today should not be construed to condone the words or deeds of Judge Pro Tempore Zaiger in this case. The image which he portrayed and the attitude which he fostered when proclaiming, "I can do anything I want," causes us great concern. While trial judges utilize discretion in rendering decisions, that discretion is not a license, is not without limits, and can be abused. "A judge is not free, like a loose cannon, to inflict indiscriminate damage whenever he announces that he is acting in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 367, 98 S.Ct. 1099, 1110, 55 L.Ed.2d 331, 346 (1978) (Stewart, J., dissenting). Although we as "[j]udges are leaders ... we must remain ever alert to the fact that we are servant leaders." *Macon v. State,* 629 N.E.2d 883, 885 (Ind.Ct.App. 1994). Judge Zaiger's increase in the fine makes it appear that he was punishing

Azhar for appearing in person before the court and exercising her due process rights under the law. *See Craig v. State,* 571 N.E.2d 1326, 1327 (Ind.Ct.App.1991) (holding it is a denial of due process to impose a greater sentence on a criminal contempt defendant after he successfully appeals conviction, and that to permit increased punishment opens door to vindictive sentencing that retaliates against defendant for exercising rights). His failure to respond in any meaningful way to Azhar's questions lends support to that inference.

Affirmed.

GARRARD, J., and NAJAM, J., concur.