Margaret YOUNG, Guardian of Michael Sweeney, Appellant–Respondent,

v.

ESTATE OF Robin SWEENEY, Appellee–Petitioner.

No. 10A01–0309–CV–334.

Court of Appeals of Indiana.

May 28, 2004.

Ronald L. Wilson, Badell & Wilson, P.C., Rushville, IN, Attorney for Appellant.

David P. Allen, Allen, Allen & Allen, Salem, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Margaret Young appeals the denial of her motion to correct error and to certify an order authorizing compromise and settlement of a wrongful death claim as a final appealable order for the purposes of taking an interlocutory appeal. Young is involved in an estate dispute with Charilette Sweeney ("Sweeney"), who was granted unsupervised administration of the Estate of Robin Sweeney ("decedent") and pursued a wrongful death claim on behalf of the Estate. Young raises one issue, but we find *sua sponte* we have no jurisdiction to hear this appeal and therefore dismiss it.

## FACTS AND PROCEDURAL HISTORY

On August 15, 2001, decedent was struck and killed by a drunk driver. Decedent's sole heir is her minor son, M.S. On August 24, 2001, decedent's sister, Sweeney, filed a petition for unsupervised administration that requested permission to pursue a wrongful death claim against the drunk driver. The trial court entered an order granting unsupervised administration, issuing letters of administration, and permitting filing of a wrongful death claim.

On September 4, 2001, Sweeney filed a petition for approval of an agreement for legal services, wherein she sought approval to hire her employer, David Allen, and his law firm, as the attorneys for the wrongful death action. The court approved the agreement. The legal services agreement provided Allen would be paid one-third of any money recovered plus expenses.

On January 21, 2002, Young, who is Sweeney's and decedent's mother and M.S.'s guardian,[1] appeared by counsel, Ronald Wilson, and filed a verified motion to set aside appointment of Sweeney as personal representative. Shortly thereafter, Sweeney and Young agreed both their attorneys, Allen and Wilson, would serve as co-personal representatives of the Estate. The trial court issued its approval.

On May 13, 2003, Allen filed a petition for authority to settle the wrongful death claim for $100,000.00, and he requested

---

1. There is some question as to whether Young currently serves as guardian of M.S.

attorney's fees in the amount of $33,333.33 and costs of $1,299.75. Wilson objected to the attorney's fees and costs. On June 30, 2003, a hearing was held on Wilson's objection. The trial court approved the order authorizing compromise and settlement of wrongful death claim and awarded Allen the attorney's fees and expenses.

On July 23, 2003, Young, through her attorney Wilson, filed a verified motion to correct error and to certify the order authorizing compromise and settlement of the wrongful death claim as a final appealable order for the purposes of taking an interlocutory appeal. On July 28, 2003, the court denied that motion. Young now appeals.[2]

### DISCUSSION AND DECISION[3]

■ Subject matter jurisdiction concerns a court's ability to hear and decide a case based on the class of cases to which it belongs. *Warrick County v. Weber*, 714 N.E.2d 685, 687 (Ind.Ct.App.1999). Whether we have subject matter jurisdiction is an issue we should raise *sua sponte* if the parties do not. *Id.* As we have previously explained, "dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Id.* (quoting *Gorman v. Northeastern REMC*, 594 N.E.2d 843, 845 (Ind.Ct.App.1992), *decision clarified on denial of reh'g* 597 N.E.2d 366 (Ind.Ct.App.1992), *trans. denied*). Jurisdiction is a question of law we review *de novo*. *Id.*

■ Young filed a notice of appeal claiming "This appeal is from an interlocutory order." (*See* Appellant's App. at 44.) Our Rules of Appellate Procedure provide that we have jurisdiction over interlocutory orders only under the conditions described in Appellate Rule 14. Ind.App. R.

---

2. Young gave notice of appeal from the denial of the motion to correct error she filed on July 23, 2003. The trial court denied this motion on July 28, 2003. The Estate is the only party providing us a copy of this motion. Young failed to do so, and instead provided a copy of a motion that was filed on August 6, 2003, to correct error and to certify the order authorizing compromise and settlement of a wrongful death claim as a final appealable order for the purposes of taking an interlocutory appeal.

 According to the Chronological Case Summary, the August 6th motion was withdrawn. However, Young never acknowledges this fact in her brief. As this is not the motion the court ruled upon on July 28th, it is not apparent to us why Young included this motion, rather than the July 23rd motion, in her appendix. In her brief, Young directs us to the withdrawn motion, stating:

 The Verified Motion To Correct Errors filed with the Trial Court on August the 6th, 2003, sets out clearly all of the hoops and hurdles that were overcome or had to be overcame [sic] in order to get where everyone is in this matter. The Verified Motion To Correct Errors filed on August the 6th, 2003 was never refuted by any pleading filed by Charilette Rai Sweeney or by anyone on her behalf.
 (Br. of Appellant at 9.)

 While failure to include an item in an Appendix does not waive any issue or argument, *see* App. R. 49(B), we remind counsel that the purpose of an Appendix in civil appeals is to present us with copies of only those parts of the record on appeal that are necessary for us to decide the issues presented. App. R. 50(A)(1).

 We further note that Young directed us to a withdrawn motion and made arguments referencing the withdrawn motion. Ind.App. Rule 46(A)(8)(a) requires an appellant's arguments on appeal to be cogent and to be supported with citations to *relevant* authorities, statutes and pages of the appendix. As discussed previously, Young fails to do so by providing argument based on a withdrawn motion and therefore her actions impeded our appellate review.

3. Neither party addressed the jurisdictional issue in this case. Instead, both addressed whether the improper opening of decedent's estate as unsupervised made the legal services agreement void.

5(B). Under App. R. 14, there are three ways we may obtain jurisdiction over an interlocutory appeal: (1) when the right is provided by statute, *see* App. R. 14(C); (2) when the trial court certifies the order and we accept jurisdiction, *see* App. R. 14(B); or (3) when the order is one of the nine enumerated types that may be appealed "as a matter of right," *see* App. R. 14(A). As Young's appeal is not properly here under any of those three alternatives, we do not have jurisdiction over this appeal.[4]

 Young has not directed us to a statute that would provide us with jurisdiction over this interlocutory appeal under App. R. 14(C), and we will not undertake Young's burden of searching the Indiana Code to establish that such a statute exists. Therefore, we do not have jurisdiction pursuant to App. R. 14(C).

 Young asked the trial court to certify the order for interlocutory appeal, and the trial court denied that motion. Accordingly, we do not have jurisdiction under App. R. 14(B). *See INB Nat'l Bank v. 1st Source Bank,* 567 N.E.2d 1200, 1202 (Ind.Ct.App.1991) (interlocutory orders not appealable by right are not appealable at all in the absence of the certification of both the trial and appellate court).

 The only remaining basis for jurisdiction is a right to appeal pursuant to App. R. 14(A). Young's notice of appeal does not indicate that she appeals pursuant to any of the nine grounds listed in Rule 14(A) for appeals as a matter of right. Comparison of the appealed order and the enumerated list reveals the order could fall only into the category permitting appeals from an order for the payment of money.[5] App. R. 14(A)(1). However, Young procedurally defaulted her opportunity to appeal under App. R. 14(A).

 App. R. 14(A) permits the enumerated interlocutory orders to be appealed "as a matter of right by filing a Notice of Appeal with the trial court clerk within thirty (30) days of the entry of the inter-

**4.** Nor was the trial court's order appealable as a final judgment. A final judgment "disposes of *all issues as to all parties,* to the full extent of the court to dispose of the same, and puts an end to the particular case as to *all of such parties and all of such issues." Bueter v. Brinkman,* 776 N.E.2d 910, 912–13 (Ind.Ct. App.2002) (quoting *State ex rel. Neal v. Hamilton Circuit Court,* 248 Ind. 130, 134, 224 N.E.2d 55, 57 (1967)) (emphasis supplied). "A final judgment reserves no further question or direction for future determination." *Thompson v. Thompson,* 259 Ind. 266, 269, 286 N.E.2d 657, 659 (1972). *And see* App. R. 2(H)(1) (judgment is a final judgment if it disposes of all claims as to all parties).

The effect of this order was limited to the entitlement of one of the co-administrators to attorney's fees, and did not end the case as to all parties and all issues. Young consistently treated this as an interlocutory order for which she was obliged to obtain trial court certification in order to bring an appeal, and not as a final judgment. She sought trial court certification, and in her notice of appeal referred to the order at issue as an "appeal

... from an interlocutory order." (Appellant's App. at 44.)

We therefore acknowledge, but decline to address, those decisions that hold a final judgment from which an appeal will lie is one that "determines the rights of the parties in the suit, *or a distinct and definite branch of it,* and reserves no further question or direction for further determination." *See, e.g., In re Garwood's Estate,* 272 Ind. 519, 525, 400 N.E.2d 758, 761 (1980) (emphasis supplied).

**5.** Young apparently believed the order to settle the wrongful death claim and pay Allen was *not* an order for the payment of money as described in App. R. 14(A)(1), because she asked the trial court to certify the order as an appealable interlocutory order under App. R. 14(B). However, the order to pay Allen's attorney fees is an order for the payment of money appealable under App. R. 14(A)(1). *In re Estate of Newman,* 174 Ind.App. 537, 369 N.E.2d 427, 432 (1977) (holding an interlocutory order to pay attorney fees was appealable at time entered under former App. R. 4(B)(1), now App. R. 14(A)(1)).

locutory order." App. R. 14(A). The trial court ordered the payment of Allen's attorney fees for the settlement in the wrongful death claim on June 30, 2003. Young filed her notice of appeal on August 14, 2003. Because Young's notice of appeal was filed forty-five days after the interlocutory order was entered, Young's appeal is not properly before us pursuant to App. R. 14(A).[6] *See* App. R. 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2.").

Because Young's interlocutory appeal is not properly here under App. R. 14, we do not have jurisdiction over this appeal. App. R. 5(B). Accordingly, we must dismiss.

Dismissed.

NAJAM, J., and BAKER, J., concur.

---

**6.** We note that Young filed a motion to correct error between the entry of the interlocutory order and the filing of the notice of appeal. However, as that motion was improper, it cannot save Young from procedural default. Trial Rule 59(C) explains that a motion to correct error should be filed, if at all, "not later than thirty (30) days after the entry of a final judgment or an appealable final order." Nowhere in that Rule is it suggested that a motion to correct error is proper following an interlocutory order. *See* T.R. 59. The Supreme Court Committee Note to the 1980 Amendment of T.R. 59(B) states in pertinent part:

> Time for Filing: Service on Judge. [T.R. 59(C)] replaces former rules found under TR. 59(C) and 59(G). This Committee does not intend to make the motion applicable to interlocutory orders.... Additionally, no change in the former case law has been contemplated either, and those cases which addressed interlocutory orders ... are saved.

*See* Ind.Code Ann., Title 34, Appendix Court Rules (Civil) (West 1996). Moreover, the Appellate Rules do not indicate a motion to correct error can extend the filing deadline for a notice of appeal following an interlocutory order. App. R. 14(A) does not mention a motion to correct error; it simply provides the notice of appeal must be filed within thirty days of the interlocutory order. App. R. 9(A), which discusses the filing of the notice of appeal, explains the filing deadline for an appeal from a final judgment may be extended by the filing of "a timely motion to correct error," *see* App. R. 9(A)(1), but provides no such extension for initiation of interlocutory appeals, *see* App. R. 9(A)(2). Accordingly, the motion to correct error did not extend the deadline for timely filing the notice of appeal, and Young's notice was late. *See Hudson v. Tyson*, 178 Ind.App. 376, 383 N.E.2d 66, 72 n. 9 (1978) (noting under former Appellate Rules filing a motion to correct error after interlocutory order is "fraught with danger" because the Appellate Rules do not extend the filing deadlines for a record after an interlocutory order).