**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. LAUX**
Notre Dame, Indiana

ATTORNEYS FOR APPELLEES:

**CARL R. PEBWORTH**
**JOSEPH H. YEAGER, JR**.
Faegre Baker Daniels LLP
Indianapolis, Indiana

FILED

Oct 26 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES R. CHULCHIAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-PL-435 |
| | ) | |
| RIVOLI CENTER FOR THE PERFORMING | ) | |
| ARTS, INC., and INDIANAPOLIS | ) | |
| EASTSIDE REVITALIZATION CORP., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robyn L. Moberly, Judge
Cause No. 49D05-1106-PL-24205

**October 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Charles R. Chulchian brings this interlocutory appeal of the denial of his Verified Motion to Reconsider or in the alternative, Motion to Correct Errors, which sought to set aside an agreement upon which a stipulated order was issued awarding prejudgment possession of certain real estate to the Rivoli Center for the Performing Arts, Inc., (Rivoli Center). We find the following issue dispositive: Does this court have jurisdiction to hear this interlocutory appeal?

We dismiss.

The history of this case is rather complex. Because we decide the case on jurisdictional grounds, however, we need not set forth all of the underlying facts. Suffice it to say, this case involves a historic theater building located at 3155 East 10th Street in Indianapolis, which Chulchian[1] transferred ownership of to Rivoli Center in 2007. Pursuant to the deed, Chulchian retained a life interest in the upstairs residential apartments with the exclusive right to personally occupy these units.

On June 22, 2011, Rivoli Center and the Indianapolis Eastside Revitalization Corp. (IERC) filed a complaint seeking, among other things, to terminate Chulchian's life interest on the grounds that he was committing waste to the historic theater and that his continued presence and occupancy constituted a nuisance. Further, as particularly pertinent to this appeal, Rivoli Center sought prejudgment possession of the premises. The trial court ordered a show cause hearing regarding prejudgment possession for July 18, 2011.

---

[1] Although Chulchian's wife was also a party to the transfer, she is not involved in this appeal and was represented by separate counsel in the subsequent underlying lawsuit.

Following a number of continuances of the show cause hearing, the parties executed an Agreement Regarding Order of Possession (the Agreement). On advice of counsel, Chulchian signed the Agreement. The Agreement provided that Rivoli Center was entitled to immediate possession of the premises and that Chulchian would vacate the premises no later than February 15, 2012. The trial court approved the Agreement on February 6, 2012.

Chulchian terminated the services of his counsel on February 13, 2012 and filed two pro se motions with the trial court that same day. The one relevant to this appeal was a Motion to Vacate Agreement Regarding Order of Possession. Chulchian alleged that his former attorney "forced" and "coerced" him into signing the Agreement. *Appellant's Appendix* at 42. In his unverified motion, he asserted:

> I explained to [counsel] that I did not have my correct reading glasses on and that I had no vision in my right eye and was unable to read the Agreement. [Counsel] did not read the Agreement to me, did not explain what the Agreement meant, grabbed the Agreement and left the office. His words to me were "sign the Agreement or the judge will sign it for you," which to me was a threatening gesture.

*Id*. Chulchian indicated that upon reading the document later, he became aware that he would not be compensated monetarily for his interest in the property. According to Chulchian, he mistakenly relied on his counsel's judgment and was misled. Thus, he requested that the trial court vacate the Agreement, "allowing negotiation of an alternative Agreement". *Id*. at 43. The trial court denied Chulchian's motion on March 6, 2012, thus leaving in place the order regarding prejudgment possession.[2]

---

[2] We note that, on March 21, 2012, Rivoli Center and IERC filed for default judgment based upon Chulchian's failure to answer the complaint. The trial court entered a default judgment against Chulchian on March 28, 2012.

Thereafter, Chulchian retained counsel and on April 5, 2012, filed a Verified Motion to Reconsider or in the alternative, Motion to Correct Errors, as well as a Verified Motion to Rescind Agreement signed under Duress.[3]  In sum, Chulchian once again argued for rescission of the Agreement and requested that the trial court:

> reconsider its order in denying Mr. Chulchian's motion to vacate the agreement regarding order of possession or in the alternative, to correct its error, because Mr. Chulchian was not properly represented by counsel and the court took form over substance, and ineffective counsel should never preclude an Indiana citizen from having their day in court as is the case here.  And the agreement was signed under duress, by an 80 year old man under severe stress and blind in one eye.

*Id*. at 102.  The trial court denied these motions on April 23, 2012.

Chulchian filed his notice of appeal on May 22, 2012, which was amended on July 18 pursuant to order of this court to conform with Ind. Appellate Rule 9(F).  He filed the appeal as an interlocutory appeal taken as a matter of right pursuant to Ind. Appellate Rule 14(A)(4).  Rivoli Center and IERC, however, argue that we lack jurisdiction to hear this interlocutory appeal.

An appeal as a matter of right is allowed under App. Rule 14(A) only when the order fits within an exclusive list of types of interlocutory orders.  For our purposes, one of the

---

[3]  Chulchian made a number of other filings that day that are not pertinent to this appeal.  We note, however, that the trial court treated one motion (Verified Response to Plaintiffs' Application for Default) as an Ind. Trial Rule 60(B) motion and set the matter for hearing on June 8, 2012.

enumerated categories is an interlocutory order for "the sale or delivery of the possession of real property". App. R. 14(A)(4). The original order entered pursuant to the Agreement clearly fits within this category.

Rule 14(A) requires that the notice of appeal from an interlocutory order as a matter of right be filed "within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary". Here, the trial court ordered the delivery of possession of the real estate in question on February 6. Chulchian, however, did not file his notice of appeal until more than three months later, on May 22, 2012.

Chulchian appears to argue that his filing of intervening motions tolled the time requirements of Rule 14(A). The filing of a motion to correct error between the entry of an interlocutory order and the filing of the notice of appeal, however, does not save a litigant from procedural default. *See Young v. Estate of Sweeney*, 808 N.E.2d 1217 (Ind. Ct. App. 2004). On the contrary, a motion to correct error is not directly applicable to interlocutory orders and, more importantly, does not "extend the filing deadline for a notice of appeal following an interlocutory order." *Id*. at 1221 n.6.

Because Chulchian did not timely appeal the interlocutory order transferring exclusive possession of the historic theater to Rivoli Center, we have no jurisdiction over this appeal. Accordingly, we must dismiss. *See Young v. Estate of Sweeney*, 808 N.E.2d 1217; *City of Gary, Indiana v. Majestic Star Casino, LLC*, 905 N.E.2d 1076 (Ind. Ct. App. 2009), *trans. denied*.

Dismissed.

BROWN, J., and PYLE, J., concur.