## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2015, 10:09 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Preston T. Breunig
Martha L. Westbrook
Buck Berry Landau & Breunig, P.A.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Christopher M. Gilley
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard R. Hogshire,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>Ursula Hoover,<br><br>*Appellee-Respondent.* | February 10, 2015<br><br>Court of Appeals Case No.<br>06A01-1312-DR-513<br><br>Appeal from the Boone Superior Court.<br><br>The Honorable Matthew C. Kincaid, Judge.<br><br>Cause No. 06D01-1202-DR-74 |

**Riley, Judge.**

### MEMORANDUM DECISION ON REHEARING

[1] Appellant-Petitioner, Richard R. Hogshire (Husband) brought an interlocutory appeal challenging the trial court's Findings of Fact, Conclusions of Law and Judgment (Judgment), in which it held Husband in contempt for failing to

abide by several provisional orders concerning the dissolution of his marriage to Appellee-Respondent, Ursula Hoover. In a memorandum decision, our court affirmed the finding of contempt and remanded the case to the trial court with instructions to recalculate Husband's obligations. *Hogshire v. Hoover*, No. 06A01-1312-DR-513 (Ind. Ct. App. Oct. 9, 2014). Husband has petitioned for rehearing, which we now grant for the limited purpose of clarifying our standard of review.

[2] In claiming that the trial court erred by holding him in contempt, Husband argued that the trial court's findings of fact were "lacking, incomplete, inadequate in form or content or do not cover the issues raised by the pleadings or evidence." Ind. Trial Rule 52(B)(2). Trial Rule 52(B) provides that the trial court—either on its own motion prior to the deadline for filing a motion to correct error, or at the request of a party "with or as part of a motion to correct errors"—may "amend or make new findings of fact" if the required findings are inadequate. T.R. 52(B)(2). Because neither the trial court moved *sua sponte* to amend its findings, nor did Husband file a motion for new or modified findings, we found Husband's reliance on Trial Rule 52(B) to be misplaced. Instead, we applied the customary Trial Rule 52(A) standard for reviewing a trial court's special findings: whether the evidence supports the findings, and whether those findings support the judgment. T.R. 52(A). Under Trial Rule 52(A), we uphold the trial court's findings and judgment unless clearly erroneous.

[3] On rehearing, Husband contends that it was error for our court to apply the clearly erroneous standard of review, instead asserting that a *de novo* review is

appropriate. He directs our attention to the following excerpt from our decision: "In the present case, Husband did not seek redress by raising the issue of incomplete or inadequate findings in a motion to correct error and requesting that the trial court amend its findings; thus, Trial Rule 52(B) is inapplicable." *Hogshire*, slip op. at 9. As Husband explains, Appellate Procedure Rule 14(A) does not provide for the filing of a motion to correct error in an interlocutory appeal. *See Young v. Estate of Sweeney*, 808 N.E.2d 1217, 1221 & n.6 (Ind. Ct. App. 2004) (filing a motion to correct error does not extend the thirty-day deadline to file a Notice of Appeal from an interlocutory order). Thus, he argues that our court cannot require him to file a motion to correct error when doing so would have resulted in waiving his right to file an interlocutory appeal.

[4] Contrary to Husband's assertion, our opinion does not hold that he was required to file a motion to correct error or otherwise fault him for failing to do so. Rather, Rule 52(B) specifies that a party must move for an amendment of findings "with or as part of a motion to correct errors." Notwithstanding whether Husband would have procedurally defaulted in his interlocutory appeal by first filing a motion to correct error, Trial Rule 52(B) is inapposite. It is apparent that Trial Rule 52(B) is intended to afford the trial court an opportunity to amend its own findings prior to the filing of an appeal. *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221-22 (Ind. Ct. App. 1998). Thus, absent *sua sponte* action by trial court, Rule 52(B) only applies if a party directly requests the trial court to modify its findings. It is not a mechanism by which an appellate court may amend the trial court's special findings.

Here, Husband did not (or procedurally could not) move for the trial court to correct its own findings of fact. Instead, he properly challenged the propriety of those findings via an interlocutory appeal. *See* T.R. 52(B) (declining to pursue modification of findings directly with the trial court does not waive the right to challenge those findings on appeal). It is well-established that when a trial court's factual findings are challenged on appeal, our court applies Trial Rule 52(A) and will reverse only if clearly erroneous. *Hart v. Steel Products, Inc.*, 666 N.E.2d 1270, 1278 (Ind. Ct. App. 1996), *trans. denied*. Husband correctly posits that a failure to find a material fact may not be resolved by presumption. T.R. 52(D). However if a trial court fails to render findings on all of the issues requested by a party, the appropriate remedy on appeal is to remand for specific findings. *Id.* In this case, no such remand is necessary as we found that the trial court issued sufficient findings to support its determination of contempt. Accordingly, because the trial court did not have an opportunity to amend its own findings prior to appeal, Trial Rule 52(B) does not apply, and Trial Rule 52(A) is the appropriate standard of review.

## CONCLUSION

We grant Husband's petition for rehearing for the limited purpose of clarifying the basis for utilizing Trial Rule 52(A) as the standard of review. We affirm our opinion in all other respects.

Mathias, J. and Crone, J. concur