# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2017, 8:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Maggie L. Sadler
Clark Quinn Moses Scott &
Grahn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jenny Anne Lee, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Paul William Lee, <br> *Appellee-Respondent.* | September 29, 2017 <br><br> Court of Appeals Case No. <br> 49A04-1609-DR-2107 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy Oakes, Judge <br> The Honorable Therese Hannah, Commissioner <br><br> Trial Court Cause No. <br> 49D02-1201-DR-209 |

**Pyle, Judge.**

# Statement of the Case

Jenny Anne Lee ("Mother") attempts to appeal the trial court's grant of Paul Lee's ("Father") motion to reconsider its order granting Mother's change of judge motion. However, because the trial court's order granting Father's motion to reconsider was neither a final judgment nor an appealable interlocutory order, Mother has forfeited her right to appeal. We decline to disregard this forfeiture or to issue an advisory opinion on this premature appeal, and we dismiss the appeal.

We dismiss.

# Issue

Whether Mother has forfeited her right to this appeal because the trial court's order granting Father's motion to reconsider was neither a final judgment nor an appealable interlocutory order.

# Facts

Mother and Father were married in August 1998. They are the parents of daughter O.L., who was born in September 1999; son P.L., who was born in September 2001; son Pa.L., who was born in October 2003; son M.L., who was born in December 2005; son K.L., who was born in November 2007; and daughter E.L., who was born in April 2010.

In January 2012, Mother filed a dissolution petition. Two years later, in January 2014, the parties entered into a mediated settlement agreement, which the trial court approved. Pursuant to the terms of this agreement, Mother

received sole custody of the parties' children, who were to attend school in Zionsville. The parties also agreed that Father would pay $525.00 per week in child support.

[5] In September 2015, Mother filed a notice of intent to relocate the children from Zionsville to Nineveh in Brown County on or after October 31, 2015. One month later, in October 2015, Father filed an objection to Mother's intent to relocate as well as a request for an emergency temporary restraining order hearing, wherein he moved to modify custody of the children. In November 2015, the trial court issued an order temporarily prohibiting the relocation of the children and scheduled the matter for a hearing in December 2015.

[6] Following that hearing, the trial court issued an order granting Mother's request to relocate the children to Brown County. In its order, the trial court concluded that Mother's purchase of a home in Nineveh was an attempt to provide some stability in her children's lives. The trial court found "compelling Mother's testimony that she [was] attempting to create in Nineveh a life for the children that she [could] afford." (Appellee's App. Vol. 2 at 34). The trial court further concluded that the proposed relocation was made in good faith and for a legitimate reason. The order also provided for the appointment of a Guardian Ad Litem ("GAL") and set the matter for a status hearing in June 2016 to determine how the children were adjusting to their new home.

[7] One week after the trial court granted Mother's request to relocate, Father filed a motion to correct error wherein he argued that the trial court had erred in

finding that Mother's proposed relocation was made in good faith and for a legitimate reason. He asked the trial court to correct its error and modify custody of the children in his favor. After several continuances, the trial court held a hearing on Father's motion to correct error on July 26, 2016, and heard evidence from both parents concerning the children's status since their relocation to Ninevah. At the hearing, Father orally moved for a modification of custody, parenting time, and child support and stated that a written motion would soon follow. The trial court did not rule on the motion to correct error and scheduled a hearing for Father's modification motion on August 9, 2016. Both parents stipulated that their testimony at the July 26 hearing and the GAL report would be included in the hearing. Father filed the written motion to modify custody, parenting time, and child support on July 29.

[8]     Less than a week before the hearing, Mother filed a motion for a continuance. Both Father and the GAL objected to the motion, and the trial court denied it. The morning of the hearing, Mother filed a motion for change of judge pursuant to Indiana Trial Rule 76, which the trial court initially granted. That same day, Father filed a motion to reconsider the order granting Mother's change of judge motion and a request for a ruling on his pending motion to correct error. On August 12, 2016, the trial court issued an order ("August 12 Order") that granted both Father's motion to reconsider and his motion to correct error. The trial court scheduled a hearing on September 27, 2016, to hear evidence on Father's motion to modify custody.

[9]     In the meantime, on September 15, 2016, Mother filed a motion asking the trial court to certify the August 12 Order for interlocutory appeal. Mother also filed in this Court a Notice of Appeal to initiate a direct appeal of the August 12 Order. In addition, Mother filed a motion to continue the September 27 hearing.

[10]    Father responded with a motion for clarification of the August 12 Order and an objection to Mother's motion to continue. On September 23, the trial court granted Mother's motion to continue and scheduled an October 4 hearing on the following pending motions: (1) Mother's motion to certify the August 12 Order for interlocutory appeal; (2) Father's motion for clarification of the August 12 Order; and (3) Father's motion for modification of child custody.

[11]    On September 28, Mother filed another motion for a continuance as well as a motion to stay the August 12 Order pending appellate review. Father filed an objection to both motions. On September 30, the trial court held a hearing on Mother's motions to continue the hearing, to stay the proceedings pending appeal, and to certify the interlocutory order for appeal. That same day, after the hearing, the trial court denied all her motions.

[12]    Also that day, Mother filed in this Court an emergency motion to stay the August 12 Order and trial court action pending appellate review. Mother specifically argued that whether the trial court properly vacated its order that allowed Mother to relocate and whether the trial court properly denied Mother a change of judge were important legal issues that needed to be resolved by the

Indiana Court of Appeals. While that motion was pending in this Court, the trial court held a hearing on Father's petition to modify custody on October 4. The trial court issued an order on Father's custody modification on October 6. Specifically, the trial court granted Father's petition to modify the custody of the parties' five youngest children. However, the trial court stayed the effect of the order because Mother had filed a direct appeal of the August 12 Order. The following day, October 7, 2016, this Court granted Mother's emergency motion to stay the August 12 Order and trial court action pending appellate review. Mother now attempts to appeal the trial court's August 12 Order. Specifically, she appeals the trial court's grant of Father's motion to reconsider its prior order granting Mother's change of judge motion.

## Decision

[13] Mother argues that the trial court erred when it granted Father's motion to reconsider its prior grant of Mother's motion to change judge. However, at the time Mother attempted to appeal the August 12 Order, issues and motions remained concerning the relocation and custody of the parties' six children. The August 12 Order therefore failed to "dispose[] of all issues as to all parties, to the full extent of the court to dispose of the same, and put[] an end to the particular case as to all of such parties and all of such issues." *See State ex rel. Neal v. Hamilton Circuit Court,* 248 Ind. 130, 134, 224 N.E.2d 55, 57 (1967). *See*

*also* Ind. App. Rule 2(H).[1]  Because the August 12 Order did not dispose of all issues as to all parties, and the trial court did not direct entry of judgment of Trial Rule 54(B), the August 12 Order was not a final judgment.

[14]  If an order is not a final judgment, then an appellant may appeal the order only if it is an appealable interlocutory order.  *See Adoption of S.J.*, 967 N.E.2d 1063, 1066 (Ind. Ct. App. 2012).  This Court reviews interlocutory orders under the conditions described in Indiana Appellate Rule 14.  The purpose of this rule, as is the purpose of Trial Rule 54(B), "is to avoid piecemeal litigation and appeal of various issues in a case and to preserve judicial economy by protecting against the appeal of orders that are not yet final."  *Paulson v. Centier Bank*, 704 N.E.2d 482, 488 (Ind. Ct. App. 1998), *trans. denied*.

[15]  Pursuant to Appellate Rule 14, there are three instances where this Court reviews interlocutory orders.  First, we review interlocutory orders when the

---

[1] Indiana Appellate Rule 2(H) provides that a judgment is final if:

> (1) it disposes of all claims as to all parties;

> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than off the issues, claims or parties;

> (3) it is deemed final under Trial Rule 60(C);

> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

> (5) it is otherwise deemed final by law.

right is provided by statute. *See* App. R. 14(D). Second, we review interlocutory orders when the trial court certifies the order and we accept it. *See* App. R. 14(B). Lastly, we review interlocutory orders when the order is one of the nine enumerated types that may be appealed as a "matter of right." *See* App. R. 14(A).

[16] Here, Mother has not directed us to a statute that provides her a right to review, and we will not undertake her burden of searching the Indiana Code to establish that such a statute exists. *See Young v. Estate of Sweeney*, 808 N.E.2d 1217, 1220 (Ind. Ct. App. 2004). Thus, the August 12 Order is not an appealable interlocutory order under App. R. 14(D).

[17] Acknowledging that the August 12 Order was a permissive interlocutory order pursuant to Appellate Rule 14(B), Mother asked the trial court to certify the order for interlocutory appeal. However, the trial court had the discretion to deny that motion and did so. Accordingly, the August 12 Order is not appealable under App. R. 14(B).

[18] Lastly, Mother has not mentioned any of the nine grounds listed in Rule 14(A) for appeals as a matter of right, and a comparison of the appealed order and the enumerated list reveals no basis for an appeal of right. Because Mother's appeal is not properly before this Court pursuant to Appellate Rule 14, Mother

has forfeited her appeal.[2]  Accordingly, we dismiss it.  *See Young,* 808 N.E.2d at 1220.

[19]    Dismissed.

[20]    Brown, J., concurs.

        May, J., dissents with opinion.

---

[2] Previous cases have discussed this Court's lack of jurisdiction over premature or interlocutory orders.  *See Young*, 808 N.E.2d at 1220.  However, recently in *In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017), the Indiana Supreme Court discussed the distinction between "jurisdiction" and "forfeiture" and explained that an appellant's untimely notice of appeal results in the forfeiture of an appellant's right to appeal, not the divesture of an appellate court's jurisdiction.  *Id.* at 579.  The *D.J.* Court further explained that when an appellant has forfeited his right to appeal, our appellate courts retain "jurisdiction to disregard the forfeiture and resolve the merits" of the untimely appeal.  *Id.*  The Court, however, emphasized that "it is never error for an appellate court to dismiss an untimely appeal[.]"  *Id.*

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Maggie L. Sadler
Clark Quinn Moses Scott &
Grahn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jenny Anne Lee,

*Appellant-Petitioner,*

v.

Paul William Lee,

*Appellee-Respondent.*

Court of Appeals Case No.
49A04-1609-DR-2107

**May, Judge, Dissenting**

I agree with the majority that Mother's disregard for proper procedure has resulted in forfeiture of her appeal. However, as noted in the majority opinion, our court may retain "jurisdiction to disregard the forfeiture and resolve the merits" of an untimely appeal. *In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 579 (Ind. 2017). Due to the contentious nature of the matter before us and in the interest of judicial economy, I believe we should address the issue whether the trial court erred as a matter of law when it reversed its decision to grant Mother's motion for change of judge. Therefore, I respectfully dissent.

The issue here is whether Mother's motion for change of judge was timely. Thus, it "presents a purely legal question involving construction of the Indiana Trial Rules that we review de novo." *Johnson Cty. Rural Elec. Membership Corp. v. S. Cent. Indiana Rural Elec. Membership Corp.*, 883 N.E.2d 141, 143 (Ind. Ct. App. 2008). Regarding a motion for a change of judge, Indiana Trial Rule 76(B) provides, in relevant part:

> In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge. After a final decree is entered in a dissolution of marriage case or paternity case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed.

After initially granting Mother's request for a new judge, the trial court issued an order reconsidering its decision and vacated its order granting Mother's

request for a new judge. The trial court relied on Indiana Trial Rule 76(C)(5), which provides:

> [W]here a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county, and also where at said hearing a trial date is set which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge or county[.]

[24] The trial court found, in support of its decision to deny:

> 16. The Court FINDS that Mother, by counsel, appeared at the July 26, 2016, hearing when the Court set a hearing on Father's motion for modification of custody for August 9, 2016. Pursuant to the trial rule, Mother had three days after the oral setting of the hearing to move for change of judge.

> 17. Mother failed to move for change of judge until August 9, 2016, rendering her motion untimely. Since Mother's motion for change of judge made pursuant to T.R. 76 was untimely, it cannot deprive this court of jurisdiction to rule on pending matters.

(Appellant's App. Vol. II at 106-7) (emphasis in original).

[25] Mother attempts to parse the meanings of "notice" and "hearing." She contends because a portion of the proceedings before the court at the time the court scheduled the August 9, 2016, hearing on Father's presumptive motion to modify custody, parenting time, and child support was off-the-record, that

proceeding was not a "hearing." However, Father points to at least two places in the record - the court's order and Mother's motion - that reference the July 26, 2016, proceeding as a "hearing." (*See* Appellee's App. Vol. 2 at 53, 62.)

[26] Further, Mother claims she was not put on "notice" of the August 9 hearing date by the trial court's oral statement, "Father moves on the record for a motion to modify custody, parenting time and child support. The court sets this matter for hearing on 8-9-16 at 9:00 a.m. The oral motion to be followed up with a written filing." (Tr. Vol. II at 165.) The record shows Mother knew there was a hearing scheduled on Father's petition to modify custody, parenting time, and child support. Her counsel was at the July 26, 2016, hearing. Mother filed a motion to continue the August 9 hearing on August 4, 2016. When she was unsuccessful, she filed a motion for change of judge on August 9. Mother has not directed this court to any case law to suggest the actions taken in this case do not constitute sufficient "notice."

[27] I respectfully dissent to address the issues of this case on the merits and would affirm the decision of the trial court and not dismiss the appeal outright.